George WORTHINGTON, Appellant,

v.

The GOODYEAR TIRE AND RUBBER COMPANY, Appellee.

No. 52065.

Court of Appeals of Oklahoma, Division No. 1.

March 6, 1979.

Rehearing Denied March 27, 1979.

Released for Publication by Order of Court of Appeals April 19, 1979.

Thomas W. Whalen, Tulsa, for appellant.

Ungerman, Ungerman, Marvin, Weinstein & Glass by Thomas James Elkins, Tulsa, for appellee.

### ORDER

ROMANG, Presiding Judge.

Appellee's Petition for Rehearing is granted by virtue of this Court withdrawing its opinion adopted herein on January 9, 1979, and substituting in lieu thereof the attached opinion, which is adopted this 6th day of March, 1979.

ROMANG, Presiding Judge:

The Appellant-Plaintiff (Appellant) sued the Appellee-Defendant (Appellee) under the Fair Labor Standards Act (F.L.S.A.), 29 U.S.C.A. § 207, for failure to pay overtime. The Appellee defended by denying the fact of the overtime and asserting that the Appellant was a supervisor and exempt from the overtime provision of the Act. On trial to a jury a verdict was returned for actual and liquidated damages. The District Court granted Appellee's motion for a new trial and Appellant appeals.

At the threshold we are faced with a request that we dismiss the appeal for Appellant's failure to follow Rule 15 of the Rules of the Supreme Court. In pertinent part Rule 15 provides:

The brief of the moving party shall contain an abstract of the record, setting forth the material parts of the pleadings, proceedings, facts and documents upon which the party relies, together with such other statements from the record as are necessary to a full understanding of the questions presented to this Court for decision, so that no examination of the record itself need be made by this Court. If the answering party shall contend that such abstract is incorrect or incomplete, his brief shall contain an abstract correcting any such inaccuracies and supplying any such omitted portion of the record. . . A party need not include in his abstract all of the evidence in support of a claim on his part that the record does not show or tend to show a certain fact, but when such a question is presented, the adverse party shall include in his brief so much of the evidence as he claims had that effect.

Appellant's brief is deficient under this rule. For one, the order appealed from does not appear in the brief or the record. Secondly, there is no discussion of the record facts and no abstract for our guidance. Appellant's brief is an abstract discussion of certain legal issues under the F.L.S.A. with little reference to this case. The only mention of the record is in the terse statement that "[t]he transcript of the testimony of all witnesses sworn and examined is contained in the record of appeal. Exhibits offered by Plaintiff and Defendant including Plaintiff's record of overtime worked, Plaintiff's paycheck stubs for regular hours worked, Plaintiff's paychecks, Plaintiff's payslips, and Defendant's business records were introduced into evidence." Appellant's Brief p. 1. This is no "abstract of the record" as required.

Appellant does make a cogent point. The motion for new trial was predicated on a number of grounds and while no explana-

tion of the District Court's ruling appears in the record it is clear that one concern was the sufficiency of the evidence. As to that ground, at least, Appellant's duty to present an abstract of the evidence is moderated by the final sentence of Rule 15 quoted above. Nevertheless, the Appellant cannot simply omit from his brief an abstract of the record as required. More is needed by the appellate court. Under the procedures in this case the provisions of Rule 1.21 of the Rules of Appellate Procedure in Civil Cases do not appear applicable.

■ The request to dismiss the appeal is proper under Rule 1 of the Rules of the Supreme Court. But dismissal is harsh and rests in the discretion of the appellate court. It is frankly a little late in the process to strike the brief or such other remedy. Imposing costs of the appeal on Appellant's counsel would get at the true problem of compliance with the rule but it is not expressly authorized by the Rule and we are hesitant to use it, at least without an opportunity for argument from the parties. Inasmuch as our view on the merits requires an affirmance we decide to impose no sanction in this case. Nevertheless, we note that Appellant's deviation from the rules for proper appellate practice has created unwarranted difficulties. The rules of appellate practice are designed to protect the parties and expedite, in the most economical manner, appellate review. Deviation from those rules enhances the costs and delays already encountered in the system to the detriment of the parties and the public.

■ On the merits we are reminded that we are asked to reverse the trial court's order for a new trial. As the Appellee noted, more is required on appeal to reverse an order sustaining a motion for a new trial than is required to reverse an order overruling one. *Murr v. Landrum*, Okl., 338 P.2d 879 (1959), and *Fitts v. Standard Life and Acc. Ins. Co.*, Okl., 522 P.2d 1040 (1974). This is especially so when the motion included eight (8) grounds and we are not informed in the record on which ground(s) the District Court relied.

■ The parties in their briefs concentrate on the sufficiency of the evidence to sustain a jury verdict. This was one ground for the motion for a new trial and one of the grounds of Appellant's Petition in Error. But for all we know we would be reviewing a ground different from that relied upon by the trial judge. Appellant advises that he sought some statement from the trial judge as to what evidence was insufficient, although there is no record evidence of this request. We find no authority requiring a trial judge to provide such a statement. Had he been requested to state which of the grounds for the motion he was relying on we think he should have complied. Normally, a party in Appellant's position would know the alleged weaknesses from Appellee's arguments. He can then argue in his brief emphasizing those portions of the record. If the appellee then attacks other deficiencies he may be precluded because they were not raised below or the appellant can then respond in his reply brief.

■ We cannot declare the granting of the motion to be error on the record and briefs submitted. It is not so much that we agree with the trial court as that we have been effectively kept in ignorance of the nature of the decision below by the status of the record and the briefs. A new trial has been ordered by the only judge informed about the issues. We are presented no adequate ground for reversal. We affirm.

AFFIRMED.

REYNOLDS and BOX, JJ., concur.