**Gary NORVELLE, individually and in his official capacity as City Marshal of the City of Hobart, Appellant,**

v.

**CITY OF HOBART, an Aldermanic City of the State of Oklahoma, Appellee.**

No. 79680.

Court of Appeals of Oklahoma, Division No. 1.

July 27, 1993.

Rehearing Denied Sept. 28, 1993.

---

Steven M. Angel, for appellant.

Andrew W. Lester, Shannon F. Davies, Oklahoma City, Anthony G. Mitchell, Hobart, for appellee.

## OPINION

HANSEN, Chief Judge:

On May 22, 1992, Appellant Norvelle timely filed a Petition in Error seeking reversal of a trial court order denying his Petition for temporary and permanent injunctions to prohibit Appellee, the City of Hobart, from enforcing a newly enacted city ordinance.

After a Supreme Court order requiring him to amend his Petition in Error, Appellant filed an amended Petition in Error attaching the order of the trial court. On November 12, 1992, the Supreme Court entered an order telling Appellant that unless he filed a Notice of Completion of Record by 12–3–92, the appeal would be dismissed. Appellant filed his notice on November 19, 1992. Four days later the Supreme Court Clerk received the original record. It re-

---

turned the record to the district court for briefing. Upon request of Appellant, the Supreme Court granted Appellant until 2–1–93 to file his brief in chief. On that date Appellant filed a second motion for extension of time to file his brief in chief listing as reasons for the request more pressing pleadings and documents due in other actions. On February 2, the Supreme Court denied his request.

On February 4, Appellant filed a third request for an extension of time to file his brief in chief listing further involvement in other actions. On February 5, Appellant filed a Motion for Leave to File out of Time, recognizing that he had been denied extensions but astonishingly requesting the right to file his brief anyway. On the same day the Supreme Court Clerk filed Appellant's brief in chief.

In response to these actions, the Supreme Court issued an order stating the brief was filed without leave of Court. Appellee filed its brief and the Supreme Court, on April 28, 1993, assigned the appeal to this Court for disposition.

The Supreme Court ordered Appellant's brief to be filed by February 1, and it was not filed until February 5, without leave of court. From the inception of the Court system in Oklahoma, the Supreme Court has, in the cases where press of business is the basis for failure to timely file an appellate brief, "repeatedly held that press of business is not a sufficient excuse for such failure." *First National Bank of Roff, Indian. Territory v. Smith*, 16 Okla. 123, 83 P. 1119, (1905). Recognizing that Appellant's only basis for his repeated requests for extensions of time is that he has seemingly more important cases occupying his time, the Supreme Court denied his requests. In face of this action by the Supreme Court, we are constrained to refuse to consider Appellant's brief, filed in flagrant disregard of the Supreme Court's orders. Accordingly Appellant's brief is hereby stricken.

We recognize the harshness of this result. However, as stated in *Worthington v. Goodyear Tire & Rubber Co.*, 593 P.2d 774 (Okla.App.1979):

The rules of appellate practice are designed to protect the parties and expedite, in the most economical manner, appellate review. Deviation from these rules enhances the costs and delays already encountered in the system to the detriment of the parties and the public.

*Matter of Estate of Ray*, 804 P.2d 458 (Okla.App.1990).

Without a brief upon which to base review of the action of the trial court we AFFIRM.

JONES, P.J., and ADAMS, J., concur.