2005 OK CIV APP 24

In the Matter of the ESTATE OF Charles Hunter BRANDON and Mildred Ruth Brandon, Deceased.

Joe Donald Brandon, Objector/Appellant,

v.

Hubert Ray Brandon, Personal Representative, Executor/Appellee.

No. 100203.

Court of Civil Appeals of Oklahoma, Division No. 3.

Feb. 11, 2005.

Maria Tasi Blakely, Hugo, OK, for Objector/Appellant.

Bradley R. Hunt, Midwest City, OK, for Executor/Appellee.

Opinion by CAROL M. HANSEN, Judge:

¶1 In this probate matter, Appellant, Joe Donald Brandon, filed his Petition in Error on January 5, 2004, seeking review of the trial court's *Order Allowing Final Account and Decree of Final Distribution.* After Appellee, Hubert Ray Brandon, had filed his Response to Petition in Error, he filed a motion to dismiss the appeal as untimely, which was denied. Appellee then, on August 27, 2004, filed a second motion to dismiss the appeal on the basis that Appellant had failed to file a Brief in Chief and that the period allowed by Supreme Court Rule 1.10(a) to file had expired.[1]

¶2 In his second motion to dismiss, Appellee noted the Notice of Completion of Record had been filed on May 13, 2004, making Appellant's brief, in accordance with Rule 1.10(a)(1), due on July 13, 2004. Appellee

---

1. Supreme Court Rule 1.10(a), 12 O.S.2001 Chap. 15, App.:

(1) *In All Appeals.* In all appeals, except for those pursuant to Rule 1.36 [Accelerated Procedure] and as otherwise provided by these Rules, the appellant, including any appellant on a co-appeal, shall file a Brief-in-Chief in this Court within sixty (60) days from the date the Notice of Completion of Record is filed in the Supreme Court.

. . .

(7) *Dismissal for Failure to File.* An appeal from the district court or other tribunal may be dismissed by this Court when appellant has failed to timely file the Brief-in-Chief and has failed to timely respond to the Court's order to file the required brief. The Court may dismiss an appeal without notice when six months have transpired since the filing of the Notice of Completion of Record and no Brief-in-Chief has been filed and where no extension of time for the Brief-in-Chief has been granted.

alleged Appellant's intention was to delay distribution of the estate because he was living on estate property without reimbursing the estate and that Appellant was continuing to commit waste on the property.

¶3 On September 10, 2004, the Supreme Court issued the following order:

> The appellant's brief was not timely filed. Unless the brief is filed by **September 20, 2004**, the appeal will be dismissed. **This time limit will not be extended.** (Emphasis in original)

¶4 Appellant's Brief in Chief was, however, not filed in the Supreme Court Clerk's office until September 21, 2004. Appellant's brief was accompanied by his *Motion to Accept Brief Filed Out of Time*. In his motion, Appellant stated the Brief in Chief had been prepared and delivered to a courier in Hugo, Oklahoma on September 20, 2004, and was to be hand-delivered to the Appellate Court Clerk in Oklahoma City with arrival timed "just after 4:30 p.m. that same afternoon." Appellant continued that the courier arrived at the clerk's office "5–10 minutes too late" because traffic on the interstate highway was slowed due to construction. Appellant's brief was mailed from the main post office in Oklahoma City on 5:32 p.m. at September 20th.[2]

¶5 In the brief accompanying Appellant's motion, Appellant's counsel provided further "background" as to why the brief in chief was not filed in accordance with Supreme Court Rules and its order of September 10th. Counsel conceded, "[t]he statements in Appellee's Motion to Dismiss Appeal are, to a large extent, true." While not agreeing Appellant acted deliberately, Counsel acknowledged "it is a matter of record in this case that Appellant has failed to cooperate with her in the past."

¶6 Counsel was unsure of Appellant's whereabouts and could only communicate with him by e-mail, with the last communication having been on July 14, 2004. Counsel stated she "originally waited to file the brief

in question because Appellant kept promising that he was going to provide her with documents from various courts in the State of Texas which were germain (sic) to the case and which would bear on the appeal." Counsel further stated she had not sought an extension of time to file because the information given was "vague" and she therefore could not explain to the Court why a delay was needed.

¶7 Counsel said the final delay, that is, failure to comply with the Supreme Court's order of September 10th, was caused by her illness around Labor Day, which was on September 6, 2004. Counsel related that as she got "progressively better, she was able to attend to most of her court hearings but remained so tired, ..., that much of the remainder of her time was spent recouping her strength for the next set of hearings."

¶8 On September 24, 2004, the Supreme Court ordered:

> Consideration of motion to accept brief filed out of time is deferred to reviewing court. Brief was due July 13, 2004 and was not filed until after date set for dismissal. "Materials from various courts in Texas which may be germane" are not proper part of record and may not be included in any brief. See Oklahoma Supreme Court Rules.

¶9 The case was assigned to this Court for review, so the question of Appellant's motion to accept the untimely brief in chief is now before us. In his Answer Brief, Appellee reiterated his request to dismiss the appeal as both untimely filed and frivolous. Appellee asserted the untimeliness was the consequence of Appellant's failure to cooperate, even with his own counsel, to the point of being "completely non-communicative" at times. Appellant did not file a reply in response to Appellee's request or assertions.

¶10 Although the Supreme Court nominally deferred consideration of Appellant's motion to accept his brief filed out of time until assignment to this Court, the question is

---

**2.** Supreme Court Rule 1.4(c), which provides that the date of mailing will be deemed the date of filing, pertains only to petitions in error, petitions for review and petitions for certiorari. Pursuant to Rule 1.4(b)(2), "all briefs, ..., shall be deemed filed on the date of receipt by the Clerk of the Supreme Court during regular office hours, Monday through Friday, between 8:00 A.M. and 5:00 P.M., state holidays excluded, at the State Capitol."

effectively whether we should strike the brief which was physically, if improperly, filed in the Supreme Court Clerk's office. This is very similar to the question and facts in *Norvelle v. City of Hobart,* 1993 OK CIV APP 135, 862 P.2d 82. There, the Supreme Court had granted the Appellant an extension of time until February 1, 1993, to file his brief. Instead, on that date the *Norvelle* Appellant filed a second motion for extension of time to file listing "more pressing pleadings and documents due in other actions" as the reason. This latter request was denied on February 2nd.

¶ 11 On February 4th, the *Norvelle* Appellant filed yet another request for extension and on February 5th, filed a Motion for Leave to File out of Time. The purported justification for both was "further involvement in other actions." As here, Appellant's brief in chief was belatedly filed in the Supreme Court Clerk's office without leave of court. The Supreme Court noted the brief in chief was filed out of time, but assigned the appeal to the Court of Civil Appeals for disposition.

¶ 12 The *Norvelle* Court, finding the appellant had acted in "flagrant disregard of the Supreme Court's orders", held it was "constrained to refuse to consider Appellant's brief." The *Norvelle* Court noted the Supreme Court had repeatedly held the "press of business" is not a sufficient excuse for failure to timely comply with Supreme Court Rules and orders.

¶ 13 Appellant took no action to file the brief in chief, which Rule 1.10(a)(1) states *shall* be filed within sixty days from the date the Notice of Completion of Record is filed, until Appellee had moved to dismiss the appeal and the Supreme Court had ordered, in very specific and unambiguous language, that the brief be filed by September 20, 2004. Even then, although the Supreme Court's order warned the appeal "will be dismissed" unless it was filed by September 20th, Appellant procrastinated until there was literally no margin for error in delivery of the brief to the clerk's office for timely filing.

¶ 14 Throughout this entire period Appellant never requested an extension of time, nor did he attempt to explain the difficulty in complying with the Rules' time prescriptions. The failure to comply with the Supreme Court's order to file by September 20th was not the result of an isolated incident, but a continual pattern of, at best, neglect by Appellant. Appellate court orders become meaningless unless they are enforced.

¶ 15 We are unpersuaded Appellant should be granted exception from the Supreme Court's Rules and its order directing the appeal be dismissed unless Appellant's brief was filed by September 20, 2004. As in *Norvelle,* 862 P.2d at 83, we recognize the harshness of this result, but we again quote from *Worthington v. Goodyear Tire & Rubber Co.,* 1979 OK CIV APP 13, 593 P.2d 774: [3]

> The rules of appellate practice are designed to protect the parties and expedite, in the most economical manner, appellate review. Deviation from these rules enhances the public costs and delays already encountered in the system to the detriment of the parties and the public.

¶ 16 Also, in *Rodgers v. Higgins,* 1993 OK 45, 871 P.2d 398, the Supreme Court held, *inter alia:*

> ... fundamental fairness in litigation process cannot be afforded except within a framework of orderly procedure. We cannot provide a dismissal-proof environment for lawyers.... Procedural rules must be applied mechanically to avoid the uncertainties that arise when exceptions are created....

¶ 17 Appellant's motion to accept his brief filed out of time is denied. The brief is stricken. Without a brief upon which to base review of the action of the trial court, we AFFIRM. *Norvelle,* 862 P.2d at 83; *Estate of Ray,* 804 P.2d at 460.

JOPLIN, P.J., and BUETTNER, C.J., concur.

---

3. *See also, Matter of Estate of Ray,* 1990 OK CIV APP 73, 804 P.2d 458.