## EDGE et al. v. SECURITY BUILDING & LOAN ASS'N.

No. 24496. April 9, 1935.

Rehearing Denied June 18, 1935.

S. A. Horton, for plaintiffs in error.

Abernathy & Howell, for defendant in error

PER CURIAM. For convenience the parties will be designated as they appeared in the trial court.

On May 11, 1932, plaintiff filed its petition in the district court of Oklahoma county, alleging in substance that on February 6, 1929, for a valuable consideration, the defendants executed and delivered to plaintiff their promissory note for $4,200, borrowed money, at the same time selling defendants 42 shares of its corporate stock, $100 par value per share, to be paid for by defendants by monthly installments of $21; that by the terms of said note the defendants became liable and bound to pay plaintiff $34.98 per month interest on the borrowed money, and $21 per month until the 42 shares of stock should be fully paid for, at which time the stock was to be canceled and the note marked paid; that said note was in the usual form for building and loan associations; that at the same time and place, and as part of the same contract, the defendants executed and delivered to plaintiff a mortgage upon certain real estate in Summers Place addition to Oklahoma City. That said note and mortgage provided that if any installment was not paid when due, or if the taxes on the property covered by the mortgage should become delinquent, etc., the owner of the mortgage should be entitled to declare the whole amount then unpaid due and payable, and be entitled to a foreclosure of the mortgage. The petition further alleged that the terms of the mortgage had been broken by the failure of the defendants to pay the taxes on the property involved for the year 1929 in the sum of $180.25, which plaintiff was compelled to pay for the protection of its mortgage, and after allowing certain credits to which defendants were entitled for premiums paid on the capital stock sold defendants, and for dividend accumulations thereon, prayed judgment for the sum of $4,449.89, principal and interest and for taxes paid by plaintiff and for $420 attorney's fee and for foreclosure of plaintiff's mortgage. The petition was properly verified.

On June 20, 1932, the defendants filed an unverified general denial in answer to the petition, and thereafter, on June 28, 1932, plaintiff filed its motion for judgment upon the pleadings, which motion was by the court heard on July 6, 1932, and sustained. Judgment was rendered for plaintiff for the amount prayed for in the petition and ordering the property sold to satisfy said judgment, interest, costs and attorney's fee.

Thereafter, on August 10, 1932, the defendants filed their motion to vacate and set aside said judgment for the reasons:

"First. That this was not set down for trial in regular order and ten days' notice given as required by statute. That this judgment was taken on July 6th, at a time when it was the understanding between the members of the bar and the court that no cases would be tried except upon the agreement of counsel and a waiver of jury, but there was no waiver of jury in this case and no agreement between counsel that it would be tried.

"Second. That these plaintiffs knew that counsel for defendants had no knowledge that this case would be called on July 6th for judgment, or any other thing or matter connected therewith, and was not present, of course, and no journal entry was ever submitted to or approved by counsel for defendants. Said judgment therefore is improper and should be vacated.

"Third. Defendants further show by counsel that there appears on file a motion for judgment on the pleadings filed June 28, 1932. No copy of this motion was served upon counsel for defendant and he had no knowledge that same had been filed. That this case was at issue and no attention was being paid to it because it could not be set for trial prior to the September term.

"Fourth. Counsel further states that there is a rule of the court requiring filing of these motions to be published and set down on a regular motion day, which occurred this time on Monday. That Monday was the 4th of July, and no motions were heard on that day, and he does not recall whether there were any motions on Tuesday the 5th or not, but July the 6th would not be motion day unless the case was carried over from the 5th and notice given of that fact.

"Fifth. Defendants further show that this judgment is void on the face of the record for the reason it shows to have been taken and rendered upon a motion for judgment on the pleadings, when as a matter of fact there was a good and sufficient answer on file raising an issue of fact which was undisposed of."

The motion above set out was heard by the court and overruled on the 6th day of September, 1932, and the defendants bring error by case-made and petition in error.

The defendants complain of two errors committed by the trial court: First, that it was error to render judgment on the pleadings; second, that the court erred in overruling defendants' motion to vacate the judgment.

This court has repeatedly held that an unverified general denial to a petition on a promissory note, where the payee named in the note is plaintiff and where the petition contains no extraneous matter, presents no issue of fact, and judgment on the pleadings is proper. In the following cases appeals such as this were held frivolous: Buell v. Oil Well Supply Co., 76 Okla. 174, 184 P. 572; Bilby v. National Reserve Bank, 53 Okla. 566, 157 P. 1198; Crabtree et al. v. American National Bank, 88 Okla. 260, 212 P. 1006, Burgess et al. v. Crump, 88 Okla. 126, 212 P. 131, and cases therein cited, in which the court said:

"Where plaintiff sues upon promissory note and the defendant answers by unverified general denial, and, upon motion of plaintiff, judgment is rendered for plaintiff on the pleadings, an appeal assigning the rendition of such judgment as error, without stating any defense to plaintiff's action, will be dismissed."

In the case at bar, the defendants presented a motion to vacate the judgment, apparently under subdivision 3 of section 556, O. S. 1931. Defendants complain of irregularity on the part of counsel for plaintiff and the court, leading up to the judgment, but after a careful examination of defendants' motion to vacate the judgment and defendants' brief, we are unable to determine what specific act of counsel or the court the defendants consider wrong or irregular. Defendants simply allege that certain rules of the trial court were not observed by the court and counsel, without setting out such rules or pointing out what rule had been violated. So far as the record shows, no evidence was introduced at the hearing on the motion to vacate. In Nation v. Savely et al., 127 Okla. 117, 260 P. 32, the court said:

"The term 'irregularity in obtaining a judgment' has no fixed legal meaning. In every instance the question is one of fact, dependent upon the circumstances of each case. It logically follows that the application of this provision of the statute is addressed to the sound legal discretion of the court, to be exercised in furtherance of justice, on the particular facts of the case. * * * It is an abuse of discretion or reversible error to vacate a judgment where the moving party shows no recognized legal ground therefor."

In the absence of evidence to the contrary, it will be presumed that the trial court enforced the observance of all rules and statutory provisions governing civil procedure.

Defendants next contend, for the first time in this court, that the plaintiff's petition does not state a cause of action against defendants. With this contention we cannot

agree. The motion of plaintiff for judgment on the pleadings, we think, puts the sufficiency of the petition in issue. We have carefully examined the petition, and hold that it clearly and amply states a cause of action and alleges facts which, being unrefuted, entitles the plaintiff to the relief prayed for.

The defendants further contend, for the first time in this court, that the contract sued upon herein was usurious in that it charged and reserved interest in excess of 10 per cent. per annum. This contention is also untenable for the reason that the question was not presented to the trial court, and for the further reason that the interest charged, as shown on the face of the pleadings, does not exceed the maximum legal rate of ten per centum per annum. Aetna Building & Loan Ass'n v. Phillips, 112 Okla. 205, 240 P. 718, and cases therein cited.

No error appearing in the record, the judgment of the district court of Oklahoma county rendered herein must be, and the same hereby is, in all things affirmed.

The Supreme Court acknowledges the aid of Attorneys I. E. Hill, Hiram Butler, and O. S. Shaw in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Hill and approved by Mr. Butler and Mr. Shaw, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.