HUCKABY et ux. v. OKLAHOMA OFFICE BLDG. CO.

No. 33331. Feb. 8, 1949.

*202 P. 2d 996.*

Robert E. Lee, of Oklahoma City, for plaintiffs in error.

Butler & Rinehart, of Oklahoma City, for defendant in error.

HALLEY, J. Oklahoma Office Building Company, plaintiff below, is an Oklahoma corporation and has the management and control of the American National Building in Oklahoma City, and the defendant Roy A. Huckaby was a tenant in said building. The plaintiff filed a petition on December 1, 1941, wherein three causes of action were set up. The first one was on a promissory note dated January 21, 1939, in the amount of $1,615, with interest and attorney fees, this note being signed by Roy A. Huckaby and Mrs. Roy A. Huckaby. The second cause of action was on a promissory note dated September 2, 1941, in the amount of

$1,120, signed by Roy A. Huckaby, and the third cause of action was on account for rent from October 1, 1941, to November 8, 1941, inclusive, in the amount of $51.65. The notes were given for past-due rent. The defendants filed a motion to quash, motion to make more definite and certain, and a demurrer, all of which were overruled, and on April 6, 1942, an unverified answer was filed by Roy A. Huckaby as attorney for both defendants.

On April 25, 1942, an affidavit of military service was filed by Roy A. Huckaby, wherein he stated that he had been ordered to active duty in the Army of the United States, to report on April 27, 1942, and asked that the case be held in abeyance until he and his codefendant could be present. Though effort was made by the plaintiff's attorney to get the case set, nothing was done until the 30th day of January, 1947, when a minute was made on the docket of the court setting the case for trial on February 13, 1947; and on February 13, 1947, the matter was continued until February 27, 1947, to be heard on affidavit. Further continuances were had until the 17th day of April, 1947, when the cause came on for trial before the trial judge, sitting without a jury. At that time, the attorney for the defendant Roy A. Huckaby filed a motion to strike from the trial docket and to stay the proceedings in the case, as provided for by the Soldiers' and Sailors' Relief Act of 1940, wherein he asked that the case be continued for the reason that he was in the military service of the United States, with a temporary commission as Major, and was stationed at Robins Field, Georgia. No further grounds for continuance were set up. The court overruled the motion to strike and to stay the proceedings and proceeded to hear the evidence and entered judgment against both the defendants on each of the three causes of action, and from this judgment the defendants appealed. It is admitted by the plaintiff that the entry of judgment against the defendant Mrs. Roy A. Huckaby on the second and third counts was erroneous, as she was not a signer of the second note or a tenant.

The only question in this case is whether or not the trial court abused its discretion in denying the motion of the defendant Roy A. Huckaby to stay the proceedings in this case until three months after his release from the military service, under section 521 of 50 U.S.C.A. Appx., which is as follows:

"At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense, is not materially affected by reason of his military service."

The United States Supreme Court, in the case of Boone v. Lightner (319 U.S. 561, 63 S. Ct. 1223, 87 L.Ed. 1587), had the same section before it and said:

"The Act cannot be construed to require continuance on mere showing that the defendant was in Washington in the military service. . . . The Act makes no express provision as to who must carry the burden of showing that a party will or will not be prejudiced, in pursuance no doubt of its policy of making the law flexible to meet the great variety of situations no legislator and no court is wise enough to foresee. We, too, refrain from declaring any rigid doctrine of burden of proof in this matter, believing that courts called upon to use discretion will usually have enough sound sense to know from what direction their information should be in the military service. . . . The Act not expressly require findings. It is one intended to apply to courts not of record as well as those of record, and it requires only that the court be of the opinion that ability to defend is

not materially affected by military service."

The order of the trial court overruling the motion to strike from the trial docket and to stay proceedings was a finding upon the part of the trial court that the trial court was of the opinion that the defendant's military service did not materially affect his ability to make a defense in the instant case. No other evidence was offered by the defendant in support of his motion, and the motion itself did not set up sufficient grounds to entitle him to a stay, for the motion disclosed his presence in the continental United States and there was nothing to indicate that his duties would not permit him to appear and defend this action. The hostilities had been over more than 18 months at the time the case was set for trial; apparently the defendant Roy A. Huckaby had elected to remain in the Armed Forces of the United States for an indefinite period; and there was nothing to indicate that he could not have applied for and obtained a leave from his military duties to defend himself in this action.

It is to be noted, also, that the answer was filed in this case prior to Roy A. Huckaby's entering the military service, and was an unverified general denial in answer to a verified petition, and a judgment on the pleadings would have been proper in this case. Edge v. Security Building & Loan Ass'n, 172 Okla. 513, 45 P.2d 1108; 12 O.S. 1941 §286.

There was no abuse of discretion upon the part of the court in ordering the case to trial, but it would have been had the court refused to proceed with the trial of the case.

The judgment of the trial court is affirmed against the defendant Roy A. Huckaby on all three causes of action, and is affirmed against the defendant Mrs. Roy A. Huckaby on the first cause of action, and is modified to the extent that the defendant Mrs. Roy A. Huckaby is relieved of any liability on the second and third causes of action; and, as modified, the judgment of the trial court is affirmed.

ARNOLD, V.C.J., and WELCH, CORN, GIBSON, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur.

