247 P.3d 1201 (2010)
2011 OK CIV APP 17
Jerry WOODS, Plaintiff/Appellant,
v.
COMPUTER SCIENCES CORPORATION, Defendant/Appellee.
No. 108,582. Released for Publication by Order of the Court of Civil Appeals of Oklahoma, Division No. 2.
Court of Civil Appeals of Oklahoma, Division No. 2.
December 6, 2010.
Rehearing Denied January 13, 2011.
*1203 Jack L. Freeman, Jack L. Freeman & Associates, Edmond, OK, for Plaintiff/Appellant.
Bryan E. Stanton, Goolsby, Proctor, Heefner & Gibbs, PC, Oklahoma City, OK, for Defendant/Appellee.
JANE P. WISEMAN, Chief Judge.
¶ 1 Plaintiff Jerry Woods appeals from a trial court order granting Defendant Computer Sciences Corporation's motion to dismiss. As an accelerated appeal filed pursuant to Oklahoma Supreme Court Rule 1.36, 12 O.S. Supp.2010, ch. 15, app. 1, this case stands submitted without appellate briefing. After review of the record on appeal and pertinent law, we find the trial court did not err and affirm.

FACTS AND PROCEDURAL BACKGROUND
¶ 2 Plaintiff filed his negligence action (CJ-2007-5946) against Defendant on July 11, 2007. After answering the petition, Defendant submitted written discovery to Plaintiff which he received on August 23, 2007. Defendant made several attempts to obtain Plaintiff's discovery responses in the following months. On February 4, 2008, Defendant filed a motion to compel and/or motion to dismiss. Plaintiff failed to file any responsive pleading to the motion and as a result, the trial court dismissed Plaintiff's lawsuit without prejudice as evidenced by a dismissal filed March 11, 2008.[1]
¶ 3 On February 9, 2010, Plaintiff filed a petition to vacate (CJ-2010-1069) requesting the trial court to "vacate, set aside, and hold for naught, the default judgment rendered herein dismissing the action" in the case of CJ-2007-5946. In the petition, Plaintiff alleges the following reasons why the trial court's dismissal in the first lawsuit should be vacated: (1) the dismissal was obtained by "reason of the irregularity in obtaining such judgment" rendering it void "as provided by the terms of 12 OSA 1031.3," because he was not given notice of the hearing and did not approve the order in violation of Oklahoma County Local Rule 11, (2) such "default judgment" was in violation of Oklahoma County Rule 11, and (3) the entry of the judgment "was a result of unavoidable casualty and misfortune."
¶ 4 In response to Plaintiff's petition to vacate, Defendant filed a special appearance and motion to dismiss. In seeking dismissal, Defendant argued (1) Plaintiff is barred from "bringing any negligence based cause of action" pursuant to Oklahoma's one year savings statute, 12 O.S.2001 § 100, (2) Plaintiff cannot establish the dismissal was the result of "unavoidable casualty or misfortune," (3) Plaintiff cannot establish any irregularity exists *1204 in obtaining the dismissal without prejudice, and (4) the trial court's journal entry was not a default judgment but merely an order dismissing without prejudice and cannot be held to be void. Plaintiff responded to Defendant's motion to dismiss asserting the same arguments he made in his petition to vacate. The trial court granted Defendant's motion to dismiss, and its order of dismissal was filed on July 9, 2010.
¶ 5 Plaintiff appeals.

STANDARD OF REVIEW
¶ 6 The standard of review of an order granting or denying a petition to vacate is whether the trial court abused its discretion. Ferguson Enters., Inc. v. H. Webb Enters., Inc., 2000 OK 78, ¶ 5, 13 P.3d 480, 482. The Oklahoma Supreme Court has stated in Hassell v. Texaco, Inc., 1962 OK 136, ¶ 14, 372 P.2d 233, 235, "[a]n application to vacate a judgment is addressed to the sound legal discretion of the trial court and the order made thereon will not be disturbed on appeal unless it clearly appears that the trial court abused its discretion."
¶ 7 We review de novo an order dismissing a case for failure to state a claim on which relief can be granted. Fanning v. Brown, 2004 OK 7, ¶ 4, 85 P.3d 841, 844. Such a review "involves consideration of whether a plaintiff's petition is legally sufficient." Id. When this Court reviews a motion to dismiss, we "must take as true all of the challenged pleading's allegations together with all reasonable inferences which may be drawn from them." Id.
¶ 8 Whether the trial court correctly applied the statute of limitations is a question of law. We review questions of law de novo. K & H Well Serv., Inc. v. Tcina, Inc., 2002 OK 62, ¶ 9, 51 P.3d 1219, 1223. "The burden is on a defendant to prove that a plaintiff's action is barred by the applicable statute of limitations." Moneypenney v. Dawson, 2006 OK 53, ¶ 2, 141 P.3d 549, 551.

ANALYSIS
¶ 9 Although the trial court's order does not specify the reasoning on which it based its ruling, we must first determine whether Plaintiff's action is barred by the statute of limitations as asserted by Defendant in its motion to dismiss.

I. Applicability of 12 O.S.2001 § 100
¶ 10 Plaintiff's first lawsuit, filed on July 11, 2007, arose from an act of alleged vehicular negligence which took place on July 15, 2005. This case was dismissed without prejudice for failure to respond to Defendant's discovery requests. Because Plaintiff's claim failed "otherwise than upon the merits" as provided in Section 100, it became eligible for refiling under the savings provision of 12 O.S.2001 § 100 as long as the renewed action was filed within one year from the date of the dismissal.
¶ 11 Plaintiff's petition filed February 9, 2010, is not, however, a refiled petition asserting the previous claims, but clearly a petition to vacate filed pursuant to 12 O.S. 2001 § 1031. The provisions of Section 100 have no application in this instance.
¶ 12 The trial court has the power to correct, open, modify, or vacate a judgment, decree or appealable order on its own initiative or by motion of a party not later than 30 days after the judgment, decree, or appealable order prepared in conformity with 12 O.S. Supp.2009 § 696.3. 12 O.S.2001 § 1031.1(A), (B). The relief sought by Plaintiff was requested more than 30 days after the entry of the dismissal without prejudice. After the expiration of 30 days, the trial court's jurisdiction to vacate or modify a judgment is invoked by the filing of a motion or petition as provided in 12 O.S.2001 § 1031.1(C), 12 O.S.2001 § 1032, or 12 O.S. 2001 § 1033. Because more than 30 days had passed since the entry of the trial court's order of dismissal in the first lawsuit, Plaintiff sought vacation by petition pursuant to 12 O.S.2001 § 1031. If the grounds relied upon are those in paragraphs 2, 4, 5, 6, 7, 8, or 9 of Section 1031, then 12 O.S.2001 § 1033 requires that the action be brought by petition and verified by affidavit. If the grounds relied upon are those in paragraph 3 of Section 1031, then 12 O.S.2001 § 1032 requires that the proceedings be by motion "upon *1205 reasonable notice to the adverse party or his attorney in the action."

II. Vacation based on 12 O.S.2001 § 1031(3)
¶ 13 Plaintiff first seeks vacation of the trial court's order pursuant to Section 1031(3) which allows for vacation of a judgment "[f]or mistake, neglect, or omission of the clerk or irregularity in obtaining a judgment or order."[2] 12 O.S.2001 § 1031. Plaintiff argues the order was obtained by reason of irregularity because he did not receive notice of the hearing date on Defendant's motion to compel/motion to dismiss in the first lawsuit and because the order granting that motion was not presented to him for approval before being submitted to the trial court for signature.
¶ 14 Although it could be argued that we cannot address Plaintiff's request for vacation based on this premise because Section 1031(3) is not a ground available when vacation is sought by petition pursuant to 12 O.S.2001 § 1033, we decline to take this position. Rule 19(a) of the Rules for District Courts, 12 O.S.2001, ch. 2, app., provides:
In any proceeding to vacate, modify or reopen a final judgment that is commenced more than thirty days after its rendition, (1) proceeding by motion instead of by petition or by petition instead of by motion... is waived if the opposing party appears in the proceeding but does not immediately object thereto....
We believe this defect has been waived as not objected to by Defendant.
¶ 15 We also decline to take this position on a more substantive ground. The procedure for seeking vacation by petition (Section 1033) is more stringent than that for vacation by motion (Section 1032). Plaintiff having complied with the more stringent Section 1033 requirements, we see no basis for refusing to address the merits of his pleading. Plaintiff filed a petition to vacate, verified by affidavit, set forth the grounds to vacate, and issued and served summons in the action. This certainly constitutes substantial compliance with Section 1032's requirements of filing a motion with reasonable notice to the adverse party. See Rollow v. Frost & Saddler, 1916 OK 60, ¶ 5, 154 P. 542, 544. It is therefore appropriate to address the merits of Plaintiff's assertion of error in the trial court's refusal to vacate the dismissal for "irregularity in obtaining the order."
¶ 16 The Oklahoma Supreme Court has stated:
"The term `irregularity in obtaining a judgment' has no fixed legal meaning. In every instance the question is one of fact, dependent upon the circumstances of each case. It logically follows that the application of this provision of the statute is addressed to the sound legal discretion of the court, to be exercised in furtherance of justice, on the particular facts of the case."
Edge v. Security Bldg. & Loan Ass'n, 1935 OK 385, ¶ 7, 45 P.2d 1108, 1109-10 (quoting Nation v. Savely, 1927 OK 350, ¶ 9, 260 P. 32, 34).
¶ 17 Plaintiff argues that the irregularities in lack of notice to Plaintiff of any hearing on the motion and lack of Plaintiff's counsel's signature on the order violated Rule 11 of the Oklahoma County Local Court Rules,[3] making the dismissal void on its face. He contends that compliance with the Local Court Rules is mandatory as stated in Local Court Rule 1, and Defendant's failure to strictly comply with Local Rule 11 makes the order void and unenforceable.
¶ 18 Rule 1 of the Local Court Rules states that "[c]ompliance with all Rules for District Courts of Oklahoma adopted and amended by the Supreme Court shall be mandatory." (Emphasis added). Local Court Rule 11 is not such a rule. It has been adopted for the Seventh Judicial District by its judges; it is not a Rule for the District Courts adopted by the Oklahoma Supreme Court (12 O.S.2001 & *1206 Supp.2009, ch. 2, app.). It is axiomatic that local court rules may supplement the Supreme Court's Rules for District Courts, but they may not conflict with or supercede them.
¶ 19 Local Court Rule 11 entitled "Motion Dockets" states that the party or counsel presenting the motion shall obtain a hearing date from the assigned judge's clerk who shall enter it on the court's motion docket not earlier than 23 days from the date the motion is presented for setting. Rule 11(A) of the Rules for the Seventh and Twenty-sixth Judicial Districts. It also provides that the presenting party shall notify all other parties and counsel of record of the hearing date. Rule 11(B) of the Rules for the Seventh and Twenty-sixth Judicial Districts. A journal entry memorializing the ruling shall be presented to the court for signature "if it be approved by all the attorneys." Rule 11(D) of the Rules for the Seventh and Twenty-sixth Judicial Districts. Plaintiff argues without citation of authority that because these provisions were not followed, the resulting order is void.
¶ 20 Rule 4 of the Rules for District Courts which governs motions states in part that "[a]ny party opposing a motion, except those enumerated in Section c above, shall serve and file a brief or a list of authorities in opposition within fifteen (15) days after service of the motion, or the motion may be deemed confessed." Rule 4(e) of the Rules for District Courts, 12 O.S. Supp.2009, ch. 2, app. Motions to compel and/or motions to dismiss are not among those enumerated in Section 4(c) and therefore require a response in opposition or risk being deemed confessed. Rule 4 further provides: "Motions may be decided by the court without a hearing, and where this is done, the court shall notify the parties of its ruling by mail." Rule 4(h) of the Rules for District Courts, 12 O.S. Supp. 2009, ch. 2, app.
¶ 21 After Plaintiff's time to respond to the motion to compel/motion to dismiss had expired, the trial court was authorized pursuant to Rule 4(e) to deem the motion confessed. Pursuant to Rule 4(h), the trial court was also permitted to rule on the motion without a hearing. Even if Local Rule 11 states motions shall be set on a motion docket by the assigned judge's clerk, this provision cannot limit or override Rule 4 of the Rules for District Courts which contains alternative provisions for deeming motions confessed and deciding motions without a hearing.
¶ 22 Plaintiff argues that he had no notice of the dismissal until after the fact. Pursuant to Rule 4(h), the trial court was permitted to rule on the motion without a hearing, and in so doing, its order is not assailable unless Plaintiff received no notice of the court's ruling as required by Rule 4(h). Plaintiff admits that he timely received the motion, it is undisputed that he did not respond and the time for response expired, and he admits receiving notice of the court's order of dismissal within days of its entry and filing.[4] We cannot agree, as Plaintiff urges, that the trial court's granting of the motion to dismiss under these circumstances constituted a deprivation of Plaintiff's due process right to notice.
¶ 23 We also conclude that failure to obtain Plaintiff's counsel's signature on the order does not render it void. Plaintiff contends that compliance with the Seventh and Twenty-Sixth Districts' local court rules is mandatory as stated in Local Court Rule 1, and Defendant's failure to strictly comply with Local Rule 11 regarding signatures makes the order void and unenforceable. Plaintiff has cited no authority for this proposition. The contents of filed judgments and orders are specified in 12 O.S.Supp.2009 Section 696.3, and they include a caption stating the name of the court, the names and designations of the parties, the case number, and the title of the instrument; a statement of the disposition of the action, proceeding or motion; the signature and title of the court; *1207 and any other matter approved by the court. Although this section does not require the approval of counsel of record, pursuant to Section 696.3(A)(4), the trial court could require such inclusion as stated in Local Court Rule 11. It is equally clear that the trial court can waive such signatures and enter a judgment or order without signatures without invalidating the orders. The trial court's acceptance and entry of the order without Plaintiff's counsel's approval are not fatal to its validity, and we find no basis to reverse the court's order for this reason as urged by Plaintiff.

III. Vacation based on 12 O.S.2001 § 1031(7)
¶ 24 Plaintiff also seeks vacation of the trial court's order pursuant to 12 O.S. 2001 § 1031(7) which allows vacation of a judgment "[f]or unavoidable casualty or misfortune, preventing the party from prosecuting or defending."[5] Specifically, Plaintiff claims he "was under the care of a physician, and was suffering from a debilitating physical and mental condition which made it impossible for him to obtain the [d]iscovery Defendant requested."
¶ 25 The appellate record reveals that as of October 9, 2007, (five months before the dismissal was filed), Plaintiff's counsel stated in a letter that Plaintiff had been incapacitated by a medical problem but was "recovering" and "in the process of preparing the answers, and putting together the documents which you requested." Plaintiff's counsel further stated, "I'm hopeful that he can have the information to me by October 15, 2007, and I will immediately prepare the answers, and the documents, and get them to you as soon thereafter as can be done." Defendant sent another letter to Plaintiff's counsel on November 26, 2007, regarding the lack of discovery responses. After receiving no response to this letter, Defendant contacted Plaintiff's counsel on January 17, 2008, wherein Plaintiff's counsel indicated he had been unable to get in touch with his client and requested another 10 days to "either make contact with [my] client and have him respond to the discovery and/or dismiss this matter without prejudice." After not hearing from Plaintiff, Defendant filed its motion to compel and/or motion to dismiss on February 4, 2008.
¶ 26 "[A]nalysis of whether unavoidable casualty or misfortune has occurred involves the additional, more important question of `whether the gravity of the inadvertence or neglect of a party is such as ought, under the particular circumstances of each case, to deprive the neglectful party of his day in court.'" St. John Med. Ctr. v. Brown, 2005 OK CIV APP 101, ¶ 9, 125 P.3d 700, 702 (quoting American Bank of Commerce v. Chavis, 1982 OK 66, ¶ 12, 651 P.2d 1321, 1324).
¶ 27 We find no abuse of discretion in the trial court's refusal to vacate the previous dismissal order on Section 1031(7) grounds. Plaintiff failed to show that his health condition prevented him from responding to discovery or filing a response to Defendant's motion to compel/motion to dismiss. In fact, Plaintiff's counsel's letter of October 9, 2007, stated his client was recovering and in the process of responding to the discovery requests. At no time after October 2007 but before the trial court's dismissal of March 11, 2008, did Plaintiff indicate he was unable to respond for health reasons. Although Plaintiff attached a physician's letter to his petition to vacate to support his assertion of inability to timely respond to discovery, no such letter or other evidence was presented to Defendant or to the trial court before its March 11, 2008, dismissal. Plaintiff had numerous opportunities, including responding to Defendant's motion to compel/motion to dismiss, to notify Defendant or the trial court that his health condition prevented him from submitting timely discovery responses. The circumstances as submitted by Plaintiff were not unavoidable and do not constitute the casualty or misfortune contemplated by 12 *1208 O.S.2001 § 1031(7) to justify vacating the judgment.

CONCLUSION
¶ 28 The trial court's dismissal of Plaintiff's petition to vacate was neither an abuse of discretion nor contrary to law, and we affirm.
¶ 29 AFFIRMED.
FISCHER, P.J., and BARNES, J., concur.
NOTES
[1] Although the docket sheet "Events" section reflects a hearing set for March 7, 2008, and Defendant refers to such a hearing in its reply brief on the motion to dismiss, the record contains no docket sheet minute entry setting a hearing, no order setting it for hearing, and no notice to Plaintiff of the setting.
[2] As provided in 12 O.S.2001 § 1038, proceedings to vacate on 12 O.S.2001 § 1031(3) grounds must be brought within three (3) years of the applicant having notice of the order or judgment. Plaintiff's quest for relief on Section 1031(3) grounds is therefore timely.
[3] The Local Court Rules on which Plaintiff relies are the Rules of the Seventh and Twenty-Sixth Judicial Districts, which include Oklahoma and Canadian counties.
[4] Plaintiff admits in his petition to vacate that he received Defendant's motion. The record shows timely service of this motion on Plaintiff's counsel by certified mail. It also shows service by certified mail on Plaintiff's counsel on March 13, 2008, of the order of dismissal filed March 11, 2008, sustaining Defendant's motion to dismiss. Plaintiff's petition to vacate was filed on February 9, 2010.
[5] Plaintiff timely pursued this basis for vacation. 12 O.S.2001 § 1038 ("Proceedings to vacate or modify a judgment, decree or order, for the causes mentioned in paragraphs 4, 5, and 7 of Section 1031 of this title must be commenced within two (2) years after the filing of the judgment, decree, or order....")