2014 OK CIV APP 49

**Kim Ellen MURIE, Plaintiff/Appellee,**

v.

**Phillip Wade HARTING, Defendant/Appellant,**

**and**

**Lillian Harting, Defendant.**

**No. 111380.**

Court of Civil Appeals of Oklahoma, Division No. 3.

April 11, 2014.

---

Gaylon C. Hayes, Hayes Legal Group, P.C., Oklahoma City, Oklahoma, for Plaintiff/Appellee.

Kenneth H. Robertson, Tulsa, Oklahoma, for Defendant/Appellant.

BRIAN JACK GOREE, Judge.

¶ 1 The sole issue on appeal is whether the trial court committed reversible error when it denied Defendant's motion to vacate a default judgment based on irregularity in obtaining a judgment pursuant to 12 O.S. 2011 § 1031(3). We hold that it did and reverse the judgment.

## I.

¶ 2 Kim Murie, Plaintiff/Appellee, filed a petition for negligence and intentional infliction of emotional distress against her ex-husband, Phillip Harting, Defendant/Appellant. The cause of the action was a physical altercation between Plaintiff and Defendant concerning the custody of their minor daughter and the incident occurred in 1998 at the residence of Defendant's mother in Stillwater, Oklahoma. The petition was filed in June of 2000 and Plaintiff mailed the suit papers to the Stillwater address. Defendant's brother lived there at the time, and he gave the summons and petition to Defendant. Defendant timely filed his answer on July 17, 2000, a handwritten pro se general denial. Two weeks later Defendant was taken into custody and incarcerated for more than six years.

¶ 3 On April 5, 2001, the trial court entered a default judgment against Defendant even though Plaintiff did not file a motion for default judgment. The judgment contains a finding that Defendant received notice of a disposition docket more than five days before the hearing and yet failed to appear. Defendant claims he never received notice of the hearing. Plaintiff does not dispute this, and neither the record nor the docket sheet shows a notice was served as indicated in the judgment.

¶ 4 Plaintiff requested a hearing on damages on June 7, 2001. Plaintiff's counsel certified that on June 8, 2001, he mailed a Notice of Amount of Damages Sought and Notice of Hearing to Defendant at three addresses including (1) a post office box in Stillwater, (2) a street address in Stillwater, and (3) the Lincoln County Jail in Chandler. The record contains photocopies of six envelopes which were returned to the sender with various markings suggesting non-delivery including, "not at this address" and "attempted-not known."

¶ 5 On July 13, 2001, Defendant did not appear for the damages hearing and the court entered a judgment against Defendant and Lillian Harting for $200,085.40.[1] Defendant argues that after he filed his general denial he had no notice of any further proceedings until June 26, 2012 when he received in the mail a copy of a post-judgment wage garnishment summons served on his employer.

¶ 6 Defendant retained counsel and filed a motion to vacate on grounds the judgment was obtained by irregularity. "The district court shall have power to vacate or modify its own judgments or orders within the times prescribed hereafter: ... (3) For mistake, neglect, or omission of the clerk or irregularity in obtaining a judgment or order ..." 12 O.S.2011 § 1031(3). The trial court denied the motion by a Journal Entry filed December 7, 2012 and Defendant appealed.

## II.

¶ 7 The standard of review of a trial court's ruling either vacating or refusing to vacate a judgment is abuse of discretion. *Ferguson Enterprises v. H. Webb Enterprises*, 2000 OK

---

1. The July 13, 2001 judgment was against Defendant and Lillian Harting. Although Defendant argued Lillian Harting died before the petition was filed, the record indicates service of process was made at Lillian's residence by certified mail, there is no suggestion of death on the record with proof of death pursuant to 12 O.S.2011 § 2025(A)(1), and no representative of the estate moved for substitution or dismissal. This Court has appellate jurisdiction.

78, ¶ 5, 13 P.3d 480, 482. Defendant asserts five reasons why the judgment was obtained by irregularity: (1) a motion for default judgment was never filed, (2) he did not receive notice of the hearing finding him in default, (3) he did not receive notice of the hearing on damages, (4) no evidence was presented to support the damages award, and (5) the damages awarded were excessive.

¶ 8 "The term 'irregularity in obtaining a judgment' has no fixed legal meaning. In every instance the question is one of fact, dependent upon the circumstances of each case. It logically follows that the application of this provision of the statute is addressed to the sound legal discretion of the court, to be exercised in furtherance of justice, on the particular facts of the case." *Woods v. Computer Sciences Corp.*, 2011 OK CIV APP 17, ¶ 16, 247 P.3d 1201, 1205.

¶ 9 When a party has entered an appearance or filed a pleading, a default shall not be taken unless a motion has been filed in the case and five days notice of the date of the hearing is given. Rule 10, Rules For District Courts of Oklahoma, 12 O.S.1991, Ch. 2, App. Parties who make an appearance cannot be adjudged in default without advance notice. *Enochs v. Martin Properties, Inc.*, 1997 OK 132, ¶ 13, 954 P.2d 124, 129. In this case, Defendant filed an answer but Plaintiff did not file a motion for default judgment. Although the judgment states Defendant received notice of the disposition docket more than five days before the hearing, it is undisputed that Defendant did not receive any such notice.

¶ 10 Plaintiff argues there has been no irregularity. According to Plaintiff, when Defendant entered his appearance and filed his answer, he thereby communicated the specific address where he could be served and it was thereafter his duty to inform the parties of a change in his service address. Plaintiff contends Defendant was not relieved of this duty when he was incarcerated because prisoners have access to the court system. In support of her argument, Plaintiff cites *Coulsen v. Owens*, 2005 OK CIV APP 93, 125 P.3d 1233.

¶ 11 In *Coulsen*, a motion for default judgment was not required by Rule 10 because the defendant had not filed an answer. The issue in *Coulsen* was whether an attorney's failure to timely file an answer could constitute an unavoidable casualty pursuant to 12 O.S. § 1031(7). In the instant case, Defendant does not claim he was unavoidably prevented from *defending* himself—he filed an answer. He claims there was an irregularity in the manner that judgment was obtained *against him* pursuant to § 1031(3). *Coulsen* does not support Plaintiff's position.

¶ 12 There is, however, authority for Plaintiff's argument that Defendant was required to provide notice of his change of address. Any attorney or unrepresented party has the duty of maintaining a current address with the court. 12 O.S.2011 § 2005.2(D). Service of notice to the address of record of counsel or an unrepresented party shall be considered valid service for all purposes. *Id.* Here, there is no evidence that Plaintiff even *attempted* to serve Defendant with notice of the hearing for a default judgment, at any address. We hold that a defendant's failure to file a change of address with the court does not excuse a plaintiff from the obligation to file a motion for default judgment when required to do so by Rule 10. *See Genoff Farms, Inc. v. Seven Oaks South, LLC*, 2011 OK CIV APP 29, ¶ 26, 249 P.3d 526, 532 (defendant's failure to provide the Secretary of State with a change of address did not relieve plaintiff of its duty to provide valid service of process). We conclude the trial court's entry of a default judgment in absence of the motion required by Rule 10 is an irregularity within the meaning of § 1031(3). It is therefore unnecessary for us to review Defendant's other arguments addressed to the irregularity of the judgment.

III.

¶ 13 Plaintiff argues that Defendant is not entitled to relief because he erroneously

challenged the judgment by motion rather than by petition. On the contrary, 12 O.S. 2011 § 1032 provides, "the proceedings to correct mistakes or omissions of the clerk, or irregularity in obtaining a judgment or order, shall be by motion, upon reasonable notice to the adverse party or his attorney in the action." Section 1033 enumerates the grounds for vacating a judgment which must be raised by petition, and paragraph 3 of Section 1031 is not among them. A party may seek to vacate a default judgment based on § 1031(3) by motion. *Genoff Farms,* 2011 OK CIV APP 29, ¶ 13, 249 P.3d 526, 530.

## IV.

 ¶ 14 Plaintiff contends Defendant's motion to vacate was time-barred. The limitation periods for proceedings to vacate judgments are set forth in 12 O.S.2011 § 1038:

> Proceedings to vacate or modify a judgment, decree or order, for the causes mentioned in paragraphs 4, 5 and 7 of Section 1031 of this title must be commenced within two (2) years after the filing of the judgment, decree or order, unless the party entitled thereto be an infant, or a person of unsound mind and then within two (2) years after removal of such disability. Proceedings for the causes mentioned in paragraphs 3 and 6 of Section 1031 of this title, shall be within three (3) years, and in paragraph 9 of Section 1031 of this title, within one (1) year after the defendant has notice of the judgment, decree or order. A void judgment, decree or order may be vacated at any time, on motion of a party, or any person affected thereby.

Plaintiff asserts that the three-year statute of limitations only applies to death of a party before judgment or the omission or mistake in obtaining the judgment. Section 1038 expressly applies the three-year limitation period to the causes in § 1031(3) as well.

¶ 15 Section 1038 provides that a motion to vacate based on § 1031(3) must be filed within three (3) years of the date the applicant attained notice of the judgment. 12 O.S. § 1038; *Woods v. Computer Sciences Corp.,* 2011 OK CIV APP 17, ¶ 13, n. 2, 247 P.3d 1201, 1205. Defendant filed an affidavit stating he first received notice of the judgment on or about June 26, 2012 when a copy of the garnishment was delivered to him in the mail. Plaintiff does not contradict this, and the record does not indicate the judgment was ever served as required by 12 O.S.2011 § 696.2(B). Defendant's § 1031(3) motion to vacate was filed October 10, 2012. Because this was within three years of the date Defendant had notice of the judgment, the motion was not time-barred.

## V.

 ¶ 16 Default judgments are disfavored and courts may consider whether substantial hardship would result from granting or refusing to grant a motion to vacate. *Ferguson,* 2000 OK 78, ¶ 5, 13 P.3d 480, 482. Despite procedural requirements designed to provide notice, Defendant was not served with a motion for default judgment or the judgment rendered against him. An abuse of discretion occurs when discretion is exercised to an end or purpose not justified by, and clearly against, reason and evidence. *Patel v. OMH Medical Center, Inc.,* 1999 OK 33, ¶ 20, 987 P.2d 1185, 1194. The trial court abused its discretion when it denied Defendant's motion to vacate the default judgment.

¶ 17 The December 7, 2012 journal entry is REVERSED. The trial court is instructed to vacate the April 4, 2001 default judgment and the July 13, 2001 judgment awarding damages. The case is REMANDED for further proceedings.

BELL, P.J., and MITCHELL, J., concur.