OSCN Found Document:DEUTSCHE BANK NATIONAL TRUST CO. v. MYERS

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 DEUTSCHE BANK NATIONAL TRUST CO. v. MYERS
2016 OK CIV APP 54
Case Number: 112832
Decided: 08/03/2016
Mandate Issued: 08/30/2016
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2016 OK CIV APP 54, __ P.3d __

 



DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE MORGAN STANLEY ABS CAPITAL 1 INC. TRUST 2006-NC5, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006 NC-5, Plaintiff/Appellee,
v.
SHERRI D. MYERS AND CAREY MARK BACA, Defendants/Appellants,
and
John Doe; Jane Doe; Steven D. Lester; Karen Lester and New Century Mortgage Corporation, Additional Defendants.





APPEAL FROM THE DISTRICT COURT
OF ROGERS COUNTY, OKLAHOMA


HONORABLE SHEILA A. CONDREN, TRIAL JUDGE





AFFIRMED





Amy Collins, Baer, Timberlake, Coulson & Cates, P.C., Tulsa, Oklahoma, and Adam C. Doverspike, David E. Keglovits, Gable Gotwals, Tulsa, Oklahoma, for Plaintiff/Appellee,
Michael W. McCoy, McCoy Law Office, Broken Arrow, Oklahoma, for Defendants/Appellants.







Wm. C. Hetherington, Jr., Judge:



¶1 Defendants Sherri D. Myers and Carey Mark Baca (Appellants) appeal an order which denied their motion to vacate a summary judgment entered in favor of Plaintiff Deutsche Bank National Trust Co., as Trustee for the Certificate Holders of the Morgan Stanley ABS Capitol 1 Inc. Trust 2006-NC5, Mortgage Pass-Through Certificates, Series 2006 NC-5 (Bank). The finding of the trial court that a violation of Rogers County Local Court Rule 2.2 did not render the filed foreclosure journal entry of judgment void was neither an abuse of discretion nor contrary to law and we affirm.


Case History


¶2 Appellants do not dispute there was a valid and enforceable Note and Mortgage that had been in default on and after May 1, 2010. The only appeal issue argued in Appellants' brief deals with trial court failure to follow local court rules:



PROPOSITION NO. 1: THE LOCAL RULE 2.2 CONCERNING "JOURNAL ENTRY APPROVAL" IS A PROPER RULE DULY ADOPTED BY THE NORTHEAST JUDICIAL ADMINISTRATIVE DISTRICT OF OKLAHOMA AND ITS PROVISIONS ARE INTENDED TO BE APPLIED BY THE COURTS IN THE SAME WAY THAT OTHER VALID COURT RULES OR STATE STATUTES ARE TO BE APPLIED. SINCE APPELLEE IN THIS CASE FAILED TO FOLLOW THE CLEAR AND SIMPLE DEADLINES RELATING TO THE FILING OF THE SUBJECT JOURNAL ENTRY, SUCH JOURNAL ENTRY MUST BE ADJUDICATED TO BE "VOID" AS A MATTER OF LAW.[1]



A second related proposition argues in light of the failure to follow the court rule, the journal entry must be vacated as a void judgment.


 


¶3 Appellee's motion for summary judgment was filed August 22, 2012 and the same was granted by Minute Order dated December 14, 2012. The record indicates Bank circulated a final journal entry but was unable to get a signed copy returned and filed a motion to settle journal entry January 25, 2013. This request to settle was heard and foreclosure judgment entered for Appellee February 20, 2013. Appellants filed their first motion to vacate on March 22, 2013, arguing lack of standing and attorney fee issues.[2] The trial court granted the motion to vacate only as it related to the attorney fee and a subsequent appeal from that order by Appellants was later dismissed. Appellants' second motion to vacate and a related request to stay execution was filed on October 10, 2013, arguing a void judgment in violation of Local Rule 2.2. This motion was not set for hearing. Appellants then filed on December 23, 2013 a request for the court to rule or set for hearing their second request to vacate. The trial court then entered a minute order on February 5, 2014 denying Appellants' second motion to vacate and the final Order was entered on April 9, 2014. From denial of Appellants' second motion to vacate the journal entry, this appeal follows.


Standard of Review


¶4 The record is clear the final journal entry of judgment was not filed of record within thirty days of the trial court's ruling. Therefore, the standard of review for a trial court's ruling either vacating or refusing to vacate a judgment is abuse of discretion. Wells Fargo Bank, N.A. v. Heath, 2012 OK 54, ¶ 7, 280 P.3d 328, 332. A clear abuse-of-discretion standard includes appellate review of both fact and law issues. Id. An abuse of discretion occurs when a court bases its decision on an erroneous conclusion of law, or where there is no rational basis in evidence for the ruling. Id.


Analysis


¶5 Rogers County Local Court Rule 2.2 reads in part:


. . . .




The Journal Entry must be submitted to the trial Judge and filed within thirty (30) days of the Judge's ruling, or if counsel do not agree as to the form of Journal Entry, attach the proposed Journal Entry to a Motion to Settle also filed within the same thirty-day (30) period. The party not approving shall submit in writing his specific objections to the proposed Journal Entry prior to hearing on the settlement.




¶6 Appellants argue violation of a "mandatory term" proscribed in the rule when Bank did not file a final journal entry of judgment in foreclosure within thirty days of the judge's ruling on December 14, 2012. Appellants cite to 57 C.J. 548 out of People v. O'Rourke, 124 Cal.App. 752, 13 P.2d 989 for their argument that:




... the term "shall" is a work of command, and one which has always, or which must be given a compulsory meaning; as denoting obligation. It has a peremptory meaning, and it is generally imperative or mandatory. It has the invariable significance of excluding the idea of discretion....




¶7 Appellants argue for mandatory compliance and that Bank could have and should have joined in vacating the journal entry "...due to the obvious and admitted irregularities, under the provisions of 12 O.S. § 1031(3)" (3. For mistake, neglect, or omission of the clerk or irregularity in obtaining a judgment or order;) and § 1038 (Proceeding commencement requirements).


¶8 Appellants' Proposition II argues in summary, Rule 2.2 has the same effect as a legislatively adopted statute; therefore, because it was not filed within thirty days of the ruling, the journal entry must be vacated as void.


¶9 Appellants' propositions fail to consider local court rules "shall not conflict with statutes of this state." 20 O.S. 2011 § 91.8. Pursuant to 12 O.S. 2007 § 696.2(A), entitled "Preparation, service, and filing of judgments, decrees and appealable orders" the court "may direct counsel for any party to the action to prepare a draft for the signature of the court, in which event, the court may prescribe procedures for the preparation and timely filing of the judgment...including, but not limited to, the time within which it is to be submitted to the court." Although a trial judge in Rogers County may certainly order counsel to prepare and submit a journal entry for its signature within the maximum thirty days set in Local Rule 2.2, § 696.2(A) grants the court discretion to prescribe submission and filing times for a journal entry beyond the Rule 2.2 thirty-day maximum. To the extent Local Rule 2.2 seeks to limit a court's discretion over procedures for the preparation of a journal entry and the timing of its submission for the court's signature and filing, we conclude it conflicts with § 696.2(A) and therefore find no § 1031(3) irregularity or abuse of discretion.


¶10 In Woods v. Computer Sciences Corp., 2011 OK CIV APP 17, 247 P.3d 1201, another division of the Court of Civil Appeals addressed the argument that failure to comply with Oklahoma County Local Rule 11, which requires approval of all attorneys on a journal entry memorializing the court's ruling, made a dismissal order void. The Court considered 12 O.S. 2009 § 696.3 mandates filed judgments to include specific information[3] and "any other matter approved by the court" but does not require the approval of counsel of record. Because the trial court either could follow Local Rule 11 and require signatures of the counsel or record or could waive such signatures as permitted by § 696.3(A)(4) and enter a judgment or order without validating the orders, the Woods Court found no basis for vacating the dismissal order which the court had accepted and entered without the plaintiff's counsel's approval. We agree with the Woods Court's analysis.[4]


¶11 The trial court's denial of Appellants' motion to vacate was neither an abuse of discretion nor contrary to law, and we AFFIRM.


 




BELL, P.J., and JOPLIN, J., concur.





FOOTNOTES




[1] Appellants' Petition In Error lists eight issues to be argued on appeal. Six of the eight deal with Local Court Rule 2.2 discussed in this opinion and the other two challenge standing. As the court rule issue is the only issue briefed by Appellants, we will not address the remaining six issues in this opinion. Okla. Sup. Ct. Rule 1.11(k)(1) (Issues raised in the Petition in Error but omitted from the brief may be deemed waived. Argument without supporting authority will not be considered.); 12 O.S. 2001, ch 15, app. 1; see also In re Wallace Revocable Trust, 2009 OK 16, ¶ 1, n. 2, 204 P.3d 80, 87.





[2] We note Appellants called their request to vacate a "motion". Bank did not challenge the fact that under 12 O.S. Supp. 1999 §1031.1, arguably the motion was filed more than thirty days after February 20, 2013 and was not referred to as a "Petition". However, we also note the motion was drafted in the form of a Petition and conformed to 12 O.S. § 1033 and we determine this motion properly preserved the issues for trial court consideration.





[3] Filed judgments must include a caption stating the name of the court, the names and designations of the parties, the case number and the title of the instrument, a statement of the disposition of the action, proceeding or motion, the signature of the court, and any other matter approved by the court.





[4] The record reveals the trial court stated the following in its order denying the motion to vacate:


The Court, after hearing oral argument, FINDS that, although the Journal Entry of Judgment was not filed within thirty (30) days from the date judgment was granted as required by Local Rule 2.2, there is no authority for the remedy requested by Defendants and the failure to comply with Local Rule 2.2 did not render the judgment void.











 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2011 OK CIV APP 17, 247 P.3d 1201, WOODS v. COMPUTER SCIENCES CORP.
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 2009 OK 16, 204 P.3d 80, IN RE: WALLACE REVOCABLE TRUST
Discussed
 2012 OK 54, 280 P.3d 328, WELLS FARGO BANK, N.A. v. HEATH
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 696.2, Judgment, Decree or Appealable Order to be Written - Preparation of Written Documents - Filing - Mailing - Effect
Cited
 12 O.S. 696.3, Judgments, Decrees and Appealable Orders That are Filed Should Contain the Following
Cited
 12 O.S. 1031, District Court, Power to Vacate or Modify its Judgments, When
Cited
 12 O.S. 1031.1, Authorization to Correct, Open, Modify or Vacate Judgments - Time - Notice - Costs
Cited
 12 O.S. 1033, Proceedings to Vacate or Modify Judgment or Order - Grounds - by Petition - Verification - Summons
Cited
Title 20. Courts
 Cite
Name
Level

 20 O.S. 91.8, Local Rules and Orders Conflicting With Statutes or Rules of Superior Court - Publication of Local Rules on Oklahoma Supreme Court Network
Cited