## WYANT v. WELLS.

No. 17833—Opinion Filed Feb. 8, 1927.

(Syllabus.)

**Appeal and Error—Briefs—Striking from Files for Noncompliance with Rules.**

A brief filed by plaintiff in error which wholly fails to comply with rule 26 of this court will be stricken from the files.

Appeal from Superior Court, Pottawatomie County; Leander G. Pittman, Judge.

Action by R. Wyant against Charles E.

Wells. From an adverse judgment, plaintiff appeals. Appeal dismissed.

· Park Wyatt, for plaintiff in error.

Chas. E. Wells, for defendant in error.

PER CURIAM. This cause is before this court on motion to dismiss the appeal for three reasons. The first and second reasons assigned are without merit if the recommendation hereinafter made be followed.

The third reason assigned is that the plaintiff in error in his brief had failed to comply with rule 26 of this court. in that no abstract of record was set out in plaintiff in error's brief, and that no argument or citation of authorities was made in support of the assignment of error. The brief filed in said cause by plaintiff in error does not contain abstract or abridgment of transcript or case-made setting forth the material portion of the proceedings, facts or documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of the question presented to this court for decision as required by rule 26 (87 Okla. xxiii), and in order to understand the question presented it will be necessary to read the records.

Plaintiff in error in his petition in error sets out ten specifications of error. His brief filed in this cause is but a redraft of them. Three of the specifications of error are based on the exclusion of evidence, and no part of the evidence is set out in the brief, and in only one of the three is any reference made to case-made, and in order to understand the question presented it will be necessary to search the record.

Under the first assignment of error, complaint was made of the action of the trial court in overruling motion to make answer more definite and certain. No part of the pleadings to which the motion is directed is set out, and reference is made only to page of case-made setting out the motion.

The third assignment, in brief, complains that the defendant in error is barred from making any defense because of answer and announcement in open court and in not bringing suit to quiet title within a statutory period, but does not set out the answer nor the announcement in open court or the record upon which the assignment is based. He presents no argument and in no way connects his assignment with the record except by right reference therein and in no way connects the very few authorities with the record that any intelligent connection can be

had without an examination of the complete case-made.

It appears that no attempt has been made to comply with rule 26 of this court, and it is recommended that the brief be stricken from the files and plaintiff in error given 30 days to file brief in compliance with the rules of this court, and upon failure to do so the cause be dismissed.

BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER, HUNT, CLARK, RILEY. and HEFNER, JJ., concur.