804 P.2d 458 (1990)
In the Matter of the ESTATE OF Nettie K. RAY, an Incompetent Person.
Edwina J. MILLER, Appellant,
v.
Bonnie J. GARNER, Appellee.
No. 71754.
Court of Appeals of Oklahoma, Division No. 3.
August 28, 1990.
Rehearing Denied October 30, 1990.
Certiorari Denied January 29, 1991.
John M. O'Neal, Norman, for appellant.
Richard James, Stroud, for appellee.
Released for Publication by Order of the Court of Appeals of Oklahoma, Division No. 3.

*459 MEMORANDUM OPINION
HANSEN, Judge:
Appellant seeks review of a trial court order discharging her as guardian, surcharging her for unapproved expenditure of her ward's funds and denying her request for a reasonable maintenance allowance for care given the ward in her home. We affirm.
Appellee implicitly moves to strike Appellant's Brief in Chief when she suggests that review be limited to only those portions of Appellant's brief that were material, and further notes:
Examples of ... immaterial arguments in Appellant's brief are:
(c) All other comments and arguments in the 44 page brief (pages i-xiv; pages 1-30) which was 14 pages in excess of that permitted under the rules of this Court ...
While Appellee does not expressly move to strike Appellant's brief, we will consider her contentions to constitute such a motion. The practical effect of determining all "comments or arguments" to be immaterial would be the same as striking.
Among various other pre-briefing appellate motions, Appellant filed her Motion to for (sic) Leave of Court to File a Brief in Support of Petition in Error that Exceeds the 30 Page Limit Authorized in Rule 18 in and for Supreme Court of the State of Oklahoma. The grounds for her motion are not presently relevant. On the next day the Supreme Court issued its order stating:
Appellant's application to file brief in excess of 30 pages denied. Brief in full compliance to be file (sic) by March 28, 1989.
On March 28, 1989, Appellant filed her Brief in Support of Petition in Error. The pages were numbered i-xiv at the beginning of the brief, and 1-30 thereafter. Pages i-vii contain an index, table of authorities, questions presented and a list of constitutional provisions and statutes involved. Pages viii-xi contain the statement of facts and xii-xiv contain a summary of argument addressing each allegation of error, with statutory cites. Pages 1-30 contain detailed arguments concerning each of appellant's propositions.
Rule 18, Rules of the Supreme Court, 12 O.S.1988 Supp. Ch. 15, App. 1, (hereafter Supreme Court Rules) provides, inter alia:
A brief may not exceed 30 pages excluding tables and indices.
Appellant clearly and directly violated the Supreme Court's order to file a brief "in full compliance", and attempted to disguise that violation by including substantive matters in a section of the brief numbered so as to appear to contain only those items excluded from the 30 page limitation. Where appellate parties fail to comply with Supreme Court rules, this Court may take such action as is necessary to enforce compliance. Rule 1, Supreme Court Rules.[1] We choose to strike Appellant's brief. See Poindexter v. Red Ball Motor Freight, Inc., 548 P.2d 1054 (Okla.App.1976); Wyant v. Wells, 122 Okl.191, 253 P. 102 (1927).
*460 We recognize the harshness of this result. However, as stated in Worthington v. Goodyear Tire & Rubber Co., 593 P.2d 774 (Okla.App.1979):
The rules of appellate practice are designed to protect the parties and expedite, in the most economical manner, appellate review. Deviation from these rules enhances the costs and delays already encountered in the system to the detriment of the parties and the public.
We view Appellant's actions as a particularly egregious violation. Appellant cited the very rule violated in her application to file a brief in excess of the page limit, and the Supreme Court's order denying that application was unambiguous. Rule 18, limiting briefs to 30 pages, is equally unambiguous. We are left to conclude that Appellant's noncompliance was wilfull, with the intent to avoid not only the Supreme Court Rules, but the explicit and direct order of the Court itself. It would be unfair to Appellee to afford Appellant yet another opportunity to file a brief in compliance, and it would be impracticable for this Court to determine which 30 pages of the brief it should consider. Accordingly, Appellant's brief is stricken.
In the absence of an Appellant's brief, the trial court's judgment will be affirmed. U.S. Fidelity & Guar. Co. v. Krow, 184 Okl. 444, 87 P.2d 950 (1939); Anderson v. Pollock, 153 Okl. 146, 5 P.2d 365 (1931).
AFFIRMED.
HUNTER, V.C.J., concurs.
GARRETT, P.J., dissents.
NOTES
[1] Rule 1. FAILURE TO COMPLY WITH RULESEFFECT.

Compliance with these rules is required and in case of failure to comply with any of them, the Court may continue or dismiss the cause, reverse or affirm the judgment appealed from, render judgment, strike the pleading, brief or record, or impose such other penalty as is necessary to enforce compliance therewith.