2011 OK CIV APP 121

**ASSET ACCEPTANCE, LLC**

v.

**Kasey M. JOHNSON.**

**No. 107,332.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Nov. 14, 2011.

William L. Nixon, Jr., Love, Beal & Nixon, P.C., Oklahoma City, Oklahoma, for Plaintiff/Appellant.

BAY MITCHELL, Presiding Judge.

¶1 Appellant, Asset Acceptance, LLC (Asset), appeals a decision of the trial court denying Asset's Motion to Confirm Arbitration Award. Asset contends the trial court was *required* to confirm Asset's arbitration award pursuant to 12 O.S. Supp.2005 § 1873 [1], and the trial court's failure to confirm the award constitutes reversible error.

¶2 Asset filed its district court Petition for Confirmation of Arbitration Award (Petition) in October 2007 to confirm and reduce to judgment an award it obtained against Appellee, Kasey M. Johnson (Johnson). Asset attached one (1) exhibit in support of its Petition, the one-page arbitration award (Award) provided by the National Arbitration Forum. The Award contained a Case Summary consisting of five (5) numbered paragraphs and the Arbitrator's Decision consisting of ten (10) numbered paragraphs. While the Award makes no mention of Johnson's absence, Asset claims Johnson failed to make any response or appear in the arbitration proceedings.

¶3 In the Case Summary, the Arbitrator noted, "After Proof of Service of the Claim was filed with the Forum, the Forum mailed to Respondent a Second Notice of Arbitration." The Case Summary further stated: "An arbitration hearing notice was duly delivered to the Parties as required by the Forum Rules." In its Decision, the Arbitrator specifically found:

1. The Arbitrator knows of no conflict of interests that exist.

2. This matter involves interstate commerce and the Federal Arbitration Act governs this arbitration.

3. The Claim was properly served on the Respondent by Claimant in accordance with Rule 6, including a Notice of Arbitration.

4. On or before 02/05/2007 the Parties entered into a written agreement to arbitrate their dispute.

5. No party has asserted that this Arbitration Agreement is invalid or unenforceable.

6. The Parties' arbitration agreement is valid and enforceable and governs all the issues in the dispute.

7. This matter is arbitrable under the terms of the Parties' Arbitration Agreement and the law.

8. This matter has proceeded in accord with the applicable Forum Code of Procedure Rules.

9. The evidence submitted supports the issuance of this Award.

---

1. 12 O.S Supp.2005 § 1873 states:
   "After a party to an arbitration proceeding receives notice of an award, the party may make an application and motion to the court for an order confirming the award at which time the court shall issue a confirming order unless the award is modified or corrected pursuant to Section 21 or 25 of this act or is vacated pursuant to Section 24 of this act."

10. The applicable substantive law supports the issuance of the Award.[2]

The Arbitrator awarded Asset two thousand four hundred fifty-three dollars and thirty four cents ($2,453.34).

¶ 4 Asset filed its Proof of Service showing Johnson was served personally with the district court Petition and Summons on October 22, 2007. Johnson failed to answer or respond to the Petition. More than sixteen months later, on March 9, 2009, Asset filed its Motion to Confirm Arbitration Award and Brief in Support (Motion).[3] Despite the Arbitrator's finding that the Federal Arbitration Act (FAA) applied to this dispute, Asset argued only the applicability of the Oklahoma Uniform Arbitration Act (OUAA) provisions.

¶ 5 In support of its Motion, Asset attached a copy of the Award and an enclosure letter from the National Arbitration Forum which purportedly served a copy of the Award on both Asset and Johnson via U.S. Mail. The trial court conducted a hearing on Asset's Motion and heard oral argument from Asset's counsel. Johnson failed to appear for the hearing.

¶ 6 In its Journal Entry, the trial court made multiple findings, including but not limited to the following:

3. No evidence has been submitted to verify or prove the terms of the underlying contract between the parties or the agreement to arbitrate other than the conclusory findings made by the arbitrator as set forth in the Arbitration Award.

4. No evidence has been submitted to establish that adequate and proper notice of the arbitration proceedings or forum was provided to the Defendant.

6. The Plaintiff's Petition asserts that the Arbitration Award and this action to enforce same are governed by Oklahoma Statute, i.e., 12 O.S. § 1851, et seq., where-

as the Arbitrator's Award at paragraph # 2 under the subtitle, "Decision", states that the arbitration proceedings were conducted pursuant to the "Federal Arbitration Act".

10. It is unclear whether the Arbitrator followed the procedural dictates of the Oklahoma Uniform Arbitration Act, 12 O.S. § 1851, et seq., as he cited only the Federal Arbitration Act as noted herein at paragraph 6.

11. The Court must be able to ascertain, prior to entering a judgment, that the minimal Constitutional guarantee of procedural due process has been afforded the Defendant, and that the Court has personal and subject matter jurisdiction.

12. While Plaintiff's argument is correct insofar as the Court's authority to disturb the Arbitrator's findings regarding the factual and legal merits of the underlying action are concerned, jurisdiction and due process must be certain in every case.

The trial court overruled Asset's Motion to Confirm Arbitration Award: "due to the insufficiency of the evidence submitted to enable this Court to: a) Confirm that jurisdiction is proper; and, b) Verify that Constitutional procedural due process was provided to the Defendant."

■ ¶ 7 Asset now appeals contending the trial court had a non-discretionary duty to confirm the Award pursuant to 12 O.S. Supp. 2005 § 1873. Asset contends the trial court was required to confirm the Award, because Johnson failed to appear and failed to file either a motion to vacate or motion to modify the Award. In essence, Asset suggests a trial court possesses no authority to *sua sponte* question its own jurisdiction to confirm an arbitration award (or consider any ground for vacation or modification, statutory or otherwise) unless an objection has been

---

**2.** Section 1870 of the Uniform Arbitration Act in force at the time the Award was entered required: "Upon rendering a final decision on the merits of a case, the arbitrator shall support his or her decision by likewise rendering findings of fact and conclusions of law." 12 O.S. Supp. 2005 § 1870(C).

**3.** While the record contains no motion for default judgment, it appears Asset sought the entry of default judgment *ex parte* against Johnson, based upon the following footnote in Asset's Motion: "Pursuant to 12 O.S. § 2005(A), no service on Defendant is necessary due to her failure to appear in this matter. However, given the Court's reservations about entering a default judgment, Plaintiff is serving a copy of this Motion on Defendant as a courtesy to the Court."

filed by a party to the arbitration proceedings. Asset further contends the trial court was *required* to rely upon the Arbitrator's findings of the existence a valid arbitration agreement governing the dispute and the findings of sufficiency of the notice served upon Johnson. Johnson failed to enter an appearance in this appeal or file a response to Asset's Brief in Chief.[4]

¶ 8 The first question to address is whether the Oklahoma Uniform Arbitration Act (OUAA) or the Federal Arbitration Act (FAA) governs in this case. The Oklahoma Supreme Court has recognized: "The FAA does not preempt state law unless the state law frustrates the Congressional purposes and objectives embodied in the FAA." *Rogers v. Dell Computer Corp.*, 2005 OK 51, ¶ 12, 138 P.3d 826, 829, *citing Volt v. Board of Tr. of the Leland Stanford Jr. Univ.*, 489 U.S. 468, 477, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989). In accordance with *Rogers*, the OUAA would govern proceedings on a motion to vacate the award of an arbitrator "so long as the OUAA does not frustrate the purposes underlying the FAA." *Id.*, ¶ 15, 138 P.3d at 830.

¶ 9 In Oklahoma, court review of arbitration awards is very narrow and is strictly limited to determining whether the arbitrator exceeded his authority. *City of Yukon v. International Ass'n of Firefighters, Local 2055*, 1990 OK 48, ¶ 8, 792 P.2d 1176, 1179. The Tenth Circuit Court of Appeals has concluded: "Although courts have a limited function when called upon to confirm or vacate an arbitration award, such a review is necessary to ensure arbitrators comply with statutory requirements." *Bowles*, 22 F.3d at 1012. The standards of appellate review under the OUAA and the FAA are substantially similar. Whether a trial court has authority to vacate, confirm or modify an award or order of an arbitrator is a question of law, which is reviewed here *de novo*. *Sooner Builders & Inv., Inc. v. Nolan Hatcher Constr. Serv., L.L.C.*, 2007 OK 50, ¶ 8, 164 P.3d 1063, 1067; *see also Bowles Fin. Group,*

*Inc. v. Stifel, Nicolaus & Co., Inc.*, 22 F.3d 1010, 1012 (10th Cir.1994).

¶ 10 Title 12 O.S. Supp 2005 § 1857(B) states: "If necessary, a court shall decide whether an agreement to arbitrate exists or a controversy is subject to an agreement to arbitrate." The Oklahoma Supreme Court has recognized pursuant to both the OUAA and the FAA:

> To assure that the parties have consented to arbitration, the *courts* will decide whether there is a valid enforceable arbitration agreement, whether the parties are bound by the arbitration agreement, and whether the parties agreed to submit a particular dispute to arbitration. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995).

*Oklahoma Oncology & Hematology, P.C. v. U.S. Oncology, Inc.*, 2007 OK 12, ¶ 22, 160 P.3d 936, 944–945 (emphasis added). Pursuant to state and federal law, the trial court is charged with determining the existence of a valid arbitration agreement, whether Johnson was bound by the agreement and whether the particular dispute was governed by the agreement.

¶ 11 Asset's contention the trial court was *required* to accept the factual findings of the Arbitrator on these issues is contrary to both the OUAA and the FAA. Because Asset failed to attach a copy of the arbitration agreement to either its Petition or its Motion, this Court, like the trial court, is unable to determine whether the dispute between Asset and Johnson was subject to a valid agreement to arbitrate.

¶ 12 Pursuant to the OUAA, a trial court may vacate the award of an arbitrator on specific grounds:

> The district court may vacate an arbitrator's award if the district court finds: 1) there was no arbitration agreement, 2) the award was procured by corruption, fraud, or other undue means, 3) there was evident partiality, corruption, or prejudicial

---

4. "Reversal is never automatic on a party's failure to file an answer brief. When the record presented fails to support the error alleged in the brief of the party who lost below, the decision to be reviewed cannot be disturbed. It is presumed correct until the contrary is shown by the record." *Enochs v. Martin Properties, Inc.*, 1997 OK 132, ¶ 6, 954 P.2d 124, 127.

misconduct by the arbitrator, 4) the arbitrator exceeded the arbitration power, or 5) notice of the arbitration was inadequate. 12 O.S. Supp.2005, § 1874(A).

*Sooner Builders,* ¶ 23, 164 P.3d at 1071.[5] The Oklahoma Supreme Court has not, however, addressed whether a trial court may *sua sponte* vacate (or modify or refuse to confirm) an arbitration award in accordance with § 1874(A).

■ ¶ 13 The trial court in this case concluded Asset failed to produce sufficient evidence for the court to determine whether its jurisdiction was proper or if Johnson had been provided procedural due process. As a preliminary matter, it is elementary that a trial court inherently possesses the authority to question and verify its own jurisdiction. Federal courts have consistently recognized: "Any court necessarily has jurisdiction to inquire into its own jurisdiction." *Greylock Glen Corp. v. Community Sav. Bank,* 656 F.2d 1, 3 (1st Cir.1981), *citing United States v. United Mine Workers,* 330 U.S. 258, 291, 67 S.Ct. 677, 695, 91 L.Ed. 884. *See also Ilan–Gat Eng'r, Ltd. v. Antigua Int'l Bank,* 659 F.2d 234, 239 (D.C.Cir.1981) ("[T]he court should still have been guided by the principle that courts always have jurisdiction to determine their jurisdiction.").

■ ¶ 14 Oklahoma law provides in situations where default judgment is rendered without proper service of process upon the defendant, the trial court lacked *in personam* jurisdiction and the judgment is void on its face. *Graff v. Kelly,* 1991 OK 71, ¶ 21, 814 P.2d 489, 496. "In personam jurisdiction is the power to deal with the person of the defendant and to render a binding judgment against the defendant. Jurisdiction of the person is acquired by service of process or by voluntary appearance before the court." *Conoco Inc. v. Agrico Chemical Co.,* 2004 OK 83, ¶ 16, 115 P.3d 829, 834 (citation omitted).

¶ 15 Title 12 O.S. Supp.2005 § 1860(A) requires the person initiating the arbitration proceeding to provide notice to all other parties to the agreement and specifies notice shall be given in the manner provided by the arbitration agreement, or "[I]n the absence of agreement, by certified or registered mail, return receipt requested and obtained, or by service as authorized for the commencement of a civil action."

¶ 16 The Tenth Circuit Court of Appeals in *Bowles* recognized: "Courts have created a basic requirement that an arbitrator must grant the parties a fundamentally fair hearing.... The courts seem to agree that a fundamentally fair hearing requires only notice, opportunity to be heard and to present relevant and material evidence and argument before the decision makers, and that the decision makers are not infected with bias." *Bowles,* 22 F.3d at 1012–1013.

¶ 17 The record herein is devoid of any evidence that Asset provided notice of the arbitration proceedings to Johnson in accordance with § 1860(A). In order for the trial court or this Court to examine whether the Arbitrator exceeded her authority, at a minimum, evidence proving Johnson received notice of the arbitration proceedings must be presented to ensure Johnson received a fundamentally fair hearing.

¶ 18 Oklahoma Statute title 12, § 1856 states: "[A]n application for judicial relief under the Uniform Arbitration Act must be made by application and motion to the court and heard in the manner provided by law or rule of court for making and hearing motions." 12 O.S. Supp.2005 § 1856(A). The Oklahoma Supreme Court in *Rogers* interpreted this provision (formerly Section 815 of the OUAA) as requiring a moving party to comply with Rule 4 of the Oklahoma Rules for District Courts:

Under rule 4 of the ORDC, the party seeking to compel arbitration must present a statement of the law and facts showing an enforceable agreement to arbitrate the issues presented by the petition. The application to compel arbitration must be supported by affidavits, pleadings, stipula-

---

**5.** "The Federal Arbitration Act allows a reviewing court to vacate an arbitration award in limited circumstances including '[w]here the award was procured by corruption, fraud or undue means'; '[w]here there [exists] evident partiality or corruption [by] the arbitrators'; where there existed specified misconduct by the arbitrators; or '[w]here the arbitrators exceeded their powers.' 9 U.S.C.A. § 10." *Bowles,* 22 F.3d at 1012.

tions, and other evidentiary materials which are verified by a person having knowledge of their accuracy.

*Rogers,* ¶ 16, 138 P.3d at 830. Section 1856(A) contains no limitation on the type of application for judicial relief under the OUAA to which it applies, thus it impliedly applies to any application for judicial relief.

¶ 19 Pursuant to *Rogers* and § 1856(A), Asset's Petition and Motion were deficient in failing to attach the necessary evidentiary materials, namely a copy of the arbitration agreement and proof of service of the arbitration proceedings.[6] The trial court was responsible in noting these deficiencies and was certainly entitled to raise them *sua sponte.* Asset's argument that the court was *required* to confirm the arbitrator's order and was precluded from inquiring into its own jurisdiction is an affront to the court's responsibility to ensure the constitutional protection of due process extends to all parties.

¶ 20 Because Asset was unable to prove it complied with the requirements of either the OUAA or the FAA, the trial court properly concluded it was unable to determine if jurisdiction was proper or to verify that Johnson was provided procedural due process in the arbitration proceedings. And to be sure, the trial court did not vacate the arbitrator's award. It merely refused to confirm it on the record submitted by Asset. If Asset can satisfy the trial court's inquiries, it should not be prejudiced from filing an amended motion to confirm.

¶ 21 The decision of the trial court is AFFIRMED.

JOPLIN, J., concurs.

BUETTNER, J., dissents.

---

6. See also 9 U.S.C. § 13 (2006):
    The party moving for an order confirming, modifying, or correcting an award shall, at the time such order is filed with the clerk for the entry of judgment thereon, also file the following papers with the clerk:
    (a) The agreement; the selection or appointment, if any, of an additional arbitrator or umpire; and each written extension of the time, if any, within which to make the award.
    (b) The award.
    (c) Each notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award, and a copy of each order of the court upon such an application.