2012 OK CIV APP 72

Steven M. ADMIRE, Claimant/Appellant,

v.

**CAPITAL WEST SECURITIES, INC.,** Respondent/Appellee.

**No. 109,324.**

Court of Civil Appeals of Oklahoma, Division No. 2.

July 3, 2012.

Laurence L. Pinkerton, Judith A. Finn, Pinkerton & Finn, P.C., Tulsa, Oklahoma, for Claimant/Appellant.

Joe M. Hampton, Amy J. Pierce, Corbyn Hampton, PLLC, Oklahoma City, Oklahoma, for Respondent/Appellee.

JANE P. WISEMAN, Judge.

¶1 Claimant Steven M. Admire appeals from the trial court's order *sua sponte* striking a motion to vacate an arbitration award for failure to comply with the page limit requirements set forth in Oklahoma County Local Court Rule 37, and a "subsequent dismissal of the case arising from the arbitration of a dispute with [Capital West Securities, Inc.] and from the subsequent entry of judgment ... confirming the arbitration award." After review of the record and applicable law, we affirm in part, reverse in part, and remand for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

¶2 According to its appellate brief, Capital West is a broker-dealer providing investment opportunities to its customers. Capital West "is an 'introducing broker' in that it is responsible for interaction with the customer, collects documents from the customer and performs suitability analysis." A customer's investment transactions are cleared through a "clearing broker" who "processes the investment transactions on behalf of [Capital West] by collecting the funds from the customer, holding securities and issuing wires and checks when necessary." At the time of arbitration, Capital West's clearing broker was Stifel Nicolaus.

¶3 In December 1998, Claimant Admire applied to open an "Option Trading Account" with Capital West. Admire at that time owned a mortgage brokerage firm in Tulsa. He was informed pursuant to the "Customer Account Agreement & Disclosure Document" that Stifel would be "responsible for extending credit to customers for transactions made at [Capital West], that Stifel maintained all the books and records relating to the settlement and clearing of cash and securities in the customer accounts and that options were executed and cleared through Stifel." In his motion to vacate the arbitration award, Admire alleges that after five years of trading, he lost $1.6 million due to Capital West's "failure to adhere to the applicable standards of conduct, duties, and laws."

¶4 Admire filed an arbitration complaint with the National Association of Securities Dealers (NASD) in March 2005, which he later amended to add Stifel. According to the allegations in his later motion to vacate the arbitration award, a motion which initiated the present action, Capital West breached its "fiduciary duty, the duty of good faith and fair dealing, that it was negligent to the point of recklessness, and that it violated Rule 10(b) and Rule 10(B)(5) of the Securities Exchange Act, 15 U.S.C. § 78J(b), and 71 O.S. § 408(b)." Admire brought similar claims against Stifel.[1] He claims this conduct caused him damages in the amount of $1.6 million and financial ruin. The arbitration panel in October 2006 found in favor of Admire but awarded him only $9,900 in damages.

¶5 On January 8, 2007, Admire filed in Oklahoma County District Court a "motion to vacate arbitration award and brief in support" arguing that his lawsuit "results from a relatively rare but incredibly important corruption of the NASD Arbitration process." He contends the award should be vacated because one of the arbitrators "failed to disclose his prior significant legal representation of a broker-dealer.... [The arbitrator's] evident partiality in favor of [Capital West] broker-dealer became apparent in the Arbitration and led Admire to afterward make additional inquiries which revealed [the arbitrator's] wrongdoing." Admire also asserts

---

1. According to Capital West's response to Admire's motion to vacate, Admire settled his claims against Stifel and dismissed Stifel with prejudice in April 2006.

the award was "irrational and unjust because the Arbitrators, while finding in [his] favor, had no other evidence before them as to proper compensatory damages other than Admire's proof of losses in the amount of $1.6 million." In his final claim, Admire states the award should be vacated because NASD failed to follow its own rules governing the selection of arbitrators.

¶ 6 Before filing a response to Admire's motion, Capital West filed an unopposed application to exceed the page limit requirement set forth in Oklahoma County Local Court Rule 37. Capital West pointed out Admire's 30–page motion to vacate exceeded the page limit requirement of 20 pages, and Capital West requested permission to do the same "in order to adequately address the extensive facts and case law" cited in Admire's motion. The trial court denied Capital West's request stating that all motions must comply with Local Rule 37 or they would be stricken.

¶ 7 In its response to Admire's contentions, Capital West states he has no "clear evidence of partiality" of the arbitrator, that the "panel did not exceed its powers in issuing its unanimous arbitration award in favor of Admire," and that the amount of the award should not be vacated on the "grounds of irrationality." Capital West asked the trial court to deny Admire's motion to vacate the arbitration award, grant its motion to confirm the arbitration award filed simultaneously with the response, and award Capital West its attorney fees and costs to be requested by separate motion.

¶ 8 On June 12, 2007, the trial court *sua sponte* entered an order striking Admire's motion to vacate and brief in support for exceeding the page limitation in Local Court Rule 37(B). Admire then filed on June 21, 2007, a motion to reconsider or, alternatively, a motion to amend and refile the motion to vacate. He argued that Local Rule 37 does not apply to a motion to vacate an arbitration award because such a motion is in essence the equivalent of a petition initiating such an action. He pointed out that the order strik-

ing his motion to vacate occurred nearly six months after its filing which caused prejudice to Admire in the form of substantial money spent on discovery in the interim.

¶ 9 In response to Admire's motion to reconsider, Capital West asked the trial court[2] to deny his motion and to confirm the unanimous arbitration award. Capital West argues that Admire failed to request permission to file his motion to vacate exceeding 20 pages. Capital West argues that, even after the trial court entered its March 2007 order stating it would strike any briefs exceeding this page limit, Admire took no action to address the fact his motion violated that requirement. Capital West thus contends Admire cannot argue he was prejudiced by the trial court's actions for discovery expenses occurring after the date of this order. Capital West further asserts Local Rule 37 applies to a motion to vacate.

¶ 10 As set forth in its March 7, 2011, order, the trial court in August 2007 denied Admire's motion to reconsider "on the basis that a motion to reconsider was in fact a motion for a new trial, and there was never a trial." After the trial court's ruling, Admire filed an "Amended Application and Motion to Vacate Arbitration Award" which appears to comply with Rule 37. Capital West moved to dismiss Admire's amended motion to vacate because it was filed "in direct contravention of [the trial court's] previous order and in violation of 12 Okla.Stat. § 2015, as Admire never obtained Court permission to file his Amended Motion to Vacate and never obtained any consent from [Capital West]." Capital West also argued the motion is time barred because Admire did not file the motion within three (3) months as required by 12 O.S. § 1874. Alternatively, Capital West asserted the trial court should not allow Admire to include grounds for vacation not originally brought in his motion to vacate because those claims are time barred.

¶ 11 In response, Admire argued he filed the amended motion because "the Oklahoma Supreme Court opinion *Johnson v. Goodman*, 941 P.2d 990 (Okl.1997), [ ] established

---

**2.** The case was originally assigned to a different judge who entered the order striking the motion to vacate and brief in support. The case was reassigned shortly thereafter to the present judge on June 25, 2007.

his right to so file." Admire further argued that because § 2015 does not apply to motions, he did not need to seek permission to file an amended motion to vacate. Admire additionally argued Oklahoma rules of civil procedure do not allow a motion to dismiss another motion pursuant to § 2015.

¶ 12 According to its March 7, 2011, order, the trial court in September 2007 denied Admire's amended motion to vacate finding that 12 O.S. § 2015 applied to Admire's motion requiring leave of court to be sought and granted Capital West's motion to dismiss Admire's amended motion to vacate arbitration award.

¶ 13 In October 2007, Admire then filed a motion to amend requesting leave from the trial court to file an amended motion to vacate. The trial court also denied this motion.

¶ 14 Admire appealed the dismissal. The Oklahoma Court of Civil Appeals issued an opinion in Case Number 105,793, concluding Admire's appeal was premature because the trial court's order granting the motion to dismiss did not also dispose of Capital West's motion to confirm arbitration award. The appeal was therefore dismissed for lack of a final, appealable order.

¶ 15 Admire then filed a motion for an order *nunc pro tunc* to amend the journal entry to include dismissal of Capital West's motion to confirm arbitration award. Admire argued the trial court's June 12, 2007, order striking his motion to vacate had the legal effect of dismissing the entire case including Capital West's motion to confirm. After considering both parties' briefs on this issue, the trial court denied Admire's motion for an order *nunc pro tunc* and sustained Capital West's motion to confirm the arbitration award.

¶ 16 Admire appeals.

## STANDARD OF REVIEW

¶ 17 We are asked to determine the effect of applying Oklahoma County Local Rule 37 to a motion to vacate an arbitration award filed pursuant to 12 O.S.2011 § 1874.

"A question of law concerning ascertainment of legislative intent faces us, which necessarily involves statutory interpretation." *Barnhill v. Multiple Injury Trust Fund,* 2001 OK 114, ¶ 8, 37 P.3d 890, 894. "Statutory interpretation, entailing a legal issue, demands a *de novo* review standard, i.e. a review in which an appellate court has plenary, independent and non-deferential authority to re-examine a trial court's legal rulings." *Id.* (footnotes omitted).

¶ 18 We will not reverse a trial court striking a motion "unless an abuse of discretion is shown." *Sapulpa Travel Servs., Inc. v. White,* 1996 OK CIV APP 21, ¶ 3, 915 P.2d 396, 397. We further review a trial court's denial of a motion to amend a motion to vacate arbitration award for abuse of discretion. *See Skinner v. John Deere Ins. Co.,* 2000 OK 18, ¶ 26, 998 P.2d 1219, 1225 (concluding the "trial court did not err in refusing to allow the plaintiff to file an amended response to [the defendant's] motion for summary judgment").

## ANALYSIS

¶ 19 Admire argues his motion to vacate the arbitration award is "in essence a petition" rendering Oklahoma County Local Rule 37 in conflict with 12 O.S.2011 § 1874 which in turn violates 20 O.S.2011 § 91.8.[3] Based on the Oklahoma Uniform Arbitration Act (OUAA) and Oklahoma Supreme Court precedent, we cannot agree.

¶ 20 Section 1856(A) of the OUAA provides that "an application for judicial relief under the Uniform Arbitration Act must be made by *application and motion* to the court and *heard in the manner provided by law or rule of court for making and hearing motions.*" 12 O.S.2011 § 1856(A) (emphasis added). Section 1874(A) further provides in relevant part: "*Upon an application and motion* to the court by a party to an arbitration proceeding, the court shall vacate an award made in the arbitration proceeding...." 12 O.S.2011 § 1874(A) (emphasis added). The Oklahoma Supreme Court in *Rogers v. Dell*

---

**3.** Title 20 O.S.2011 § 91.8 provides in part: "Local rules and administrative orders of a district court shall not conflict with any statutes of this state or any rules of a superior court."

*Computer Corporation,* 2005 OK 51, 138 P.3d 826, "interpreted [§ 1856] (formerly Section 815 of the OUAA) as requiring a moving party to comply with Rule 4 of the Oklahoma Rules for District Courts." *Asset Acceptance, LLC v. Johnson,* 2011 OK CIV APP 121, ¶ 18, 268 P.3d 551, 555. "Proceedings on motions are addressed in [R]ule 4 of the Rules for District Courts of Oklahoma...." *Rogers,* 2005 OK 51 at ¶ 16, 138 P.3d at 830.

¶ 21 "Rule 1 of the Local Court Rules states that '[c]ompliance with all Rules for District Courts of Oklahoma adopted and amended by *the Supreme Court shall be mandatory.*' " *Woods v. Computer Sciences Corp.,* 2011 OK CIV APP 17, ¶ 18, 247 P.3d 1201, 1205 (quoting Rule 1 of the Local Court Rules and adding emphasis). Local Court Rule 37 has been adopted for the Seventh and Twenty–Sixth Judicial Districts by its judges, but not by the Oklahoma Supreme Court. "It is axiomatic that local court rules may supplement the Supreme Court's Rules for District Courts, but they may not conflict with or supercede them." *Id.* at ¶ 18, 247 P.3d at 1206. Local Rule 37 titled "Briefs and motions—Margins, page limit, and delivery to assigned judge" provides in part as follows:

> B.    All motions, applications and responses thereto, including briefs, if required by Rule 4 of the Rules for District Courts, shall not exceed twenty (20) pages in length, excluding exhibits, without prior permission of the assigned judge.   ....
> Page limitations herein exclude only the cover, index, appendix, signature line and accompanying information identifying attorneys and parties, and certificate of service.

....

> D.    Any brief filed in violation of this rule shall not be considered by the assigned judge and shall be stricken from the record.[4]

(Emphasis omitted).

¶ 22 Local Court Rule 37 supplements District Court Rule 4 by providing page restriction requirements, but does not conflict with Rule 4. As discussed above, the Supreme Court has previously found Rule 4 to be applicable to an application or motion for judicial relief pursuant to the OUAA, and we conclude that Rule 37 applies to and does not conflict with the OUAA. Pursuant to our reading of Rule 37 and District Court Rule 4, it was not erroneous as a matter of law for the trial court to strike Admire's brief for exceeding the Rule 37 page limit. There is, however, no authority in Rule 37 for striking his motion, and the trial court's action in doing so was erroneous.

¶ 23 Although the trial court had the authority to strike Admire's brief, Rule 37 does not prohibit the trial court from granting Admire's request to amend to comply with Rule 37 so that his request for judicial relief could be heard on the merits. After Admire filed his motion to vacate and brief in support in January 2007, Capital West never objected to Admire's failure to follow the page limit in Rule 37; it only requested the court's permission to file a response to the motion to vacate that also exceeded the allowed page limit. In March 2007, the trial court denied Capital West's request also stating in the order that it would strike any briefs exceeding the stated page limit.[5] On June 12, 2007, the trial court *sua sponte* struck Admire's motion to vacate and

---

4.  Because Rule 37 only provides for striking *briefs* that do not comply and not motions or applications, the Rule would not have applied to Admire's motion to vacate if he had filed his motion and his brief in support separately. There is, however, no requirement that they be filed separately. Rule 4 of the Rules for District Courts, 12 O.S.2011, ch. 2, app., simply states that motions, with certain exceptions not applicable here, "shall be *accompanied* by a concise brief or list of authorities." (Emphasis added.)

5.  It appears that although the trial court entered this order on March 17, 2007, the executed copy was never filed of record or sent to Admire's counsel. The trial court gave no reason for not granting permission, as provided in Rule 37(B), to exceed the 20–page limitation in a case where a review of the pleadings shows, and both parties agreed, that the case involved extensive and somewhat complicated facts and case law. If all briefs exceeding 20 pages are to be stricken without exception regardless of merit, there is no reason for a provision in the Rule for the exercise of discretion by allowing prior permission from the judge.

brief in support because the filing exceeded the 20–page limitation of Local Rule 37(B) and lacked prior approval from the court.[6] Nine days later, Admire filed a "Motion to Reconsider, or In the Alternative to Amend and Refile and Brief in Support."

¶ 24 Both parties cite Oklahoma case law interpreting a similar page length restriction found in Oklahoma Supreme Court Rule 1.11(b), 12 O.S.2011, ch. 15, app. 1, governing appellate briefs: "No brief which exceeds the page limitations of this rule shall be accepted for filing by the Clerk. An application to file a brief exceeding the page limitations prescribed herein may be made at least ten (10) days before a brief is due to be filed." Supreme Court Rule 1.2, 12 O.S.2011, ch. 15, app. 1, provides:

> Compliance with these rules is required. In case of failure to comply with any rule or order of the Court, the Court may continue or dismiss a cause, reverse or affirm the judgment appealed, render judgment, *strike a filing*, assess costs or take any other action it deems proper.

(Emphasis added.)

¶ 25 In *State of Oklahoma ex rel. Oklahoma Bar Association v. Minter*, 2001 OK 69, 37 P.3d 763, relied upon by Admire, the respondent "ignored rules and orders of [the Supreme Court] in the briefing process by filing a brief-in-chief which exceeds the permissible number of pages and by filing an unauthorized reply brief." *Id.* at ¶ 46, 37 P.3d at 779 (footnotes omitted). The respondent's appellate brief was 52 pages in length with 41 pages of appendices. *Id.* at n. 66, 37 P.3d 763. The clerk nevertheless accepted the brief for filing, and the opposing party did not ask to have the brief stricken. The Supreme Court held "[w]e will not strike it *sua sponte* because to do so would deprive respondent of an opportunity to be heard on the merits of this proceeding." *Id.* In deciding whether to strike the reply brief, which the opposing party *did* ask to be stricken, the Supreme Court stated that it "carefully reviewed this brief to determine whether striking it would violate respondent's right to

due process by taking from the court's purview an argument which might alter the outcome of this proceeding." *Id.* at n. 67, 37 P.3d 763. The Supreme Court found it would not and granted the motion to strike the reply brief pursuant to Supreme Court Rule 1.2. *Id.*

¶ 26 In *Mocnik v. Mocnik*, 1992 OK 99, 838 P.2d 500, the wife filed a motion to strike the husband's appellate brief as exceeding the 30–page limit and containing incorrect type size and margins. *Id.* at ¶ 7, 838 P.2d at 503. The Oklahoma Supreme Court ordered the husband to amend his appellate brief to comply with the rules. *Id.* The husband filed an amended brief within the time given, and the Supreme Court found it complied with the briefing rules and denied the wife's motion to strike. *Id.* at ¶ 8, 838 P.2d at 503.

¶ 27 Capital West relies on the case of *In re Estate of Ray*, 1990 OK CIV APP 73, 804 P.2d 458, for its argument that the trial court properly imposed the penalty of striking Admire's brief for violating Local Rule 37. In *Ray*, the Court struck an appellant's brief in chief after giving her an opportunity to bring the brief into compliance with the page limit rules. The appellee implicitly requested the appellant's brief be stricken by asking the Court to review material portions of the brief only. *Id.* at ¶ 2, 804 P.2d at 459. The appellant requested leave to file a brief in excess of 30 pages which the Supreme Court denied. *Id.* at ¶ 4, 804 P.2d at 459. When the appellant filed her brief, she directly violated the Supreme Court's order to file a brief in " 'full compliance' and attempted to disguise that violation by including substantive matters in a section of the brief numbered so as to appear to contain only those items excluded from the 30 page limitation." *Id.* at ¶ 7, 804 P.2d at 459. Because the appellant failed to comply with either the Supreme Court Rules or with a subsequent order to file a brief in compliance with those Rules, the Supreme Court, to enforce compliance, struck the brief. *Id.*

¶ 28 In *Mazzio's Corporation. v. Bright*, 2002 OK CIV APP 45, 46 P.3d 201, this

---

**6.** The trial court did not address how Admire was to obtain permission prior to filing from "the assigned judge," there being no assigned

judge until the motion and brief, which initiated the case, were filed.

Court found it would "not condone" an attempt by the appellant to circumvent the page limit requirement for briefs set out in Rule 1.11 when the appellant attempted to "incorporate[ ] by reference" into the appellate brief certain trial court motion arguments which taken together would exceed 30 pages. *Id.* at ¶ 20, 46 P.3d at 205. The Court therefore struck portions of the appellant's brief in chief. *Id.* at ¶ 21, 46 P.3d at 205; *see also Brown v. Mayfield,* 1989 OK CIV APP 32, ¶¶ 16–17, 786 P.2d 708, 711 (striking an answer brief for failing to comply with Supreme Court Rules or with an order providing appellees an extension of time to comply).

¶ 29 Even though Rule 37(D) gives the trial court authority to strike a brief just as Supreme Court Rule 1.2 gives appellate courts the same authority, Rule 37 does not prohibit the trial court from affording a party the opportunity to file a subsequent brief[7] that does comply with Rule 37, particularly if refusing such a request deprives the party of any opportunity to have his action considered and decided on its merits. The Supreme Court has generally provided the party an opportunity to file a subsequent brief that complies with the Rules before resorting to striking the brief. As provided in *Minter,* the Supreme Court refused to strike the brief "*sua sponte* because to do so would deprive respondent of an opportunity to be heard on the merits of this proceeding." *Minter,* 2001 OK 69 at n. 66, 37 P.3d 763. Furthermore, the Supreme Court in *Minter* only struck a reply brief after it reviewed the "brief to determine whether striking it would violate respondent's right to due process by taking from the court's purview an argument which might alter the outcome of [the] proceeding." *Id.* at n. 67, 37 P.3d 763.

¶ 30 Addressing the facts and circumstances in this case, we conclude the trial court abused its discretion in failing to grant Admire's request to amend and refile his motion to vacate to comply with Local Rule 37 as set forth in his motion to reconsider.[8]

---

7. Admire filed an amended motion to vacate arbitration award and brief in support which appears to comply with Rule 37 but which became the subject of a motion to dismiss by Capital West. The trial court stated at the September 28, 2007, hearing at which the court granted the motion to dismiss and dismissed the amended motion:

> I'll find that Section 2015 does apply in this case because, although it is not titled a petition and I have ruled it was a motion, but for the motion there would be no evidence in this case. So I'll find that 2015 does apply and that it was filed without leave of court.

Pursuant to our discussion *infra* establishing that motions to vacate arbitration awards invoking the Oklahoma Uniform Arbitration Act are subject to the regulations governing motions set forth in Rule 4 of the Supreme Court Rules for District Courts, 12 O.S.2011, ch. 2, app., 12 O.S.2011 § 2015 applies to pleadings, not motions, and therefore cannot apply to Admire's amended motion to vacate. Because it is not necessary to our Opinion, we do not address the question of whether leave to amend a motion to vacate an award must be sought, it being a motion and not a pleading as contemplated in the Oklahoma Pleading Code, 12 O.S.2011 §§ 2001–2056. We note Admire's citation of *Wilbanks Securities, Inc. v. McFarland,* 2010 OK CIV APP 17, 231 P.3d 714, for the proposition that the Pleading Code does not apply to arbitrations; however, it does apply to District Court proceedings.

8. We conclude that the trial court erred in denying Admire's motion to reconsider on the basis that it was in essence a motion for new trial and there had been no trial. In the motion to reconsider, Admire specifically asks the trial court to "reconsider its Order and either withdraw it or permit Admire to refile with instructions that the application and motion with brief will relate back to the date of original filing, that is, January 8, 2007." Also, in his reply to Capital West's response to his motion to reconsider, Admire asks the trial court to "vacate its order striking Admire's Motion to Vacate." The Supreme Court has long recognized that the content and substance of a filing dictate its meaning and effect rather than its form or title. *Ginn v. Knight,* 1924 OK 806, ¶ 4, 106 Okla. 4, 232 P. 936, 937 ("The nature of a pleading is not determined by the title given it by the pleader, but by the subject-matter thereof."). The substance of Admire's motion shows it is not the equivalent of a motion for new trial under 12 O.S.2011 § 651, but rather a motion to vacate the trial court's order pursuant to 12 O.S.2011 § 1031.1. This conclusion is further supported by the statement in *Reeds v. Walker,* 2006 OK 43, 157 P.3d 100, that a motion for reconsideration may be regarded as a motion for new trial under 12 O.S.2011 § 651, but the rule is permissive, not mandatory, and applies only if the substance and content of the motion contain indicia of a new trial motion. This motion to reconsider does not contain such indicia.

Even if this were a motion for new trial, it is clear that a new trial may be sought pursuant to

Although the trial court had the authority to strike his brief in support of his motion to vacate the award, the trial court should have exercised its discretion to grant Admire the opportunity to amend and file his motion and brief to comply with the Rule so that he could be heard on the merits of his case, rather than depriving him of that opportunity. We therefore reverse the trial court's decision to deny Admire's request to amend and refile his motion to vacate and remand with directions to allow him to file his amended motion to vacate arbitration award and accompanying brief that comply with Rule 37. Because the trial court erroneously struck Admire's motion which is not provided for in Rule 37, the amended motion to vacate when filed will relate back to the original filing date of January 8, 2007, to avoid any timeliness issues set forth in 12 O.S.2011 § 1874. Based on this conclusion, we also reverse the decision of the trial court confirming the arbitration award and will not address any remaining issues on appeal.

## CONCLUSION

¶31 Although we affirm the trial court's order striking Admire's brief in support of his motion to vacate, we reverse the trial court's order denying Admire's "Motion to Reconsider or in the Alternative to Amend and Refile" and remand to the trial court with directions to allow Admire to file an amended motion to vacate and accompanying brief in compliance with Local Court Rule 37 that will relate back to the original filing date of January 8, 2007.

¶32 **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.**

FISCHER, C.J., and BARNES, P.J., concur.

§ 651 for decisions that are "contrary to law." 12 O.S.2011 § 651(6); *see also Western Star Fin., Inc. v. White*, 2000 OK CIV APP 59, 7 P.3d 502 (reviewing the grant of a new trial after a motion for summary judgment was sustained). We see no restriction in § 651 to trials, which are designed to resolve issues of fact; relief pursuant to § 651 may also be sought for decisions on issues of law not involving trials, such as those raised in the present case by motion. *See Reeds*, 2006 OK 43, 157 P.3d 100.